Johnny Austin BENTON *v.* STATE of Arkansas

CA CR 94-699                                                   901 S.W.2d 858

Court of Appeals of Arkansas
En Banc
Opinion delivered June 28, 1995

*Edgar R. Thompson*, Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was tried on February 2, 1994, found guilty of theft, and sentenced as an habitual offender to twenty years in the Arkansas Department of Correction. From that decision, comes this appeal.

For reversal, the appellant contends that his trial counsel was ineffective. We do not reach this issue because it is not preserved for appeal.

The appellant failed to raise the issue of ineffective assistance in the trial court, and the record has consequently not been developed on that issue. Because ineffective assistance of counsel may not be raised on direct appeal unless the issue has been considered by the trial court, *Sumlin* v. *State*, 319 Ark. 312, 891 S.W.2d 375 (1995), we will not address it for the first time on appeal.

Affirmed.

ROBBINS and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. This court has today affirmed appellant's conviction of theft and sentence as an habitual offender to twenty years in the Arkansas Department of Correction. I think the case should be rebriefed, and the case should be removed from active submission until the rebriefing is completed.

The crime for which the appellant was convicted was alleged to have occurred in 1991. The first conviction was reversed and the case remanded for a new trial. The attorney in this appeal has submitted a brief which includes an abstract of the pleadings and the testimony in the case. Counsel on appeal did not represent appellant in the last trial, but in the argument portion of his brief counsel tells us that as a public defender he has been instructed to prosecute this appeal. He also tells us that the appellant has instructed him to appeal the case on the basis that appellant was not effectively represented by counsel at trial. Counsel then tells us why there is no merit to the issue of ineffective assistance of counsel. Of course, as pointed out by the majority opinion, the issue of ineffective assistance of counsel was not raised in the trial court. Therefore, the issue cannot be raised in this appeal but would have to be raised in a post-conviction proceeding under Arkansas Rule of Criminal Procedure 37.

However, the record as abstracted by counsel on appeal shows that appellant had a bifurcated trial and that trial counsel made a motion requesting the court not to follow the jury's verdict as to sentencing but that the judge set the sentence himself. Counsel argued that the jury's verdict of twenty years was excessive under the circumstances in this case and because appellant's prior convictions were not violent. Although the judge denied appellant's motion, Ark. Code Ann. § 16-90-107(e) (1987) provides that the court has the power to reduce the extent or duration of punishment assessed by a jury if the conviction is proper and the punishment assessed is greater than, under the circumstances of the case, it ought to be. This issue, however, is not argued in this appeal.

In *Evitts* v. *Lucey*, 469 U.S. 387, 392 (1985), the Supreme Court said that the Fourteenth Amendment to the Constitution of the United States guarantees a criminal appellant pursuing a first appeal the right to counsel. The Court also said that the right to counsel created by the Sixth Amendment, which applies to the states through the Fourteenth Amendment, comprehends the right to effective assistance of counsel at the appellate level. And while *Anders* v. *California*, 386 U.S. 738 (1967), allows counsel to file a "no-merit" brief under certain circumstances, we have a rule that governs those appeals. *See* Rule 4-3(j)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals. Here, however, the appellant's counsel did not follow those rules, but has in effect filed a no-merit brief. Actually, the sentencing issue — which is not argued — does not appear to be a "no-merit" issue. Thus, it would appear that the effective assistance of counsel contemplated by *Evitts* v. *Lucey* would require that issue to be argued.

Even in appeals where no-merit briefs have been filed under the authority of *Anders*, we have required rebriefing in adversary form. *See Tucker* v. *State*, 47 Ark. App. 96, 885 S.W.2d 904 (1994).

Therefore, I think the sentencing issue should be briefed in that form in this case, and I dissent from the majority opinion which does not order rebriefing.

ROBBINS, J., joins in this dissent.