Eddie TAYLOR *v.* STATE of Arkansas

CR 96-273                                    922 S.W.2d 710

Supreme Court of Arkansas
Opinion delivered May 28, 1996

Pro Se Motion for Extension of Time to File Appellant's Brief (Crittenden Circuit Court; *David Burnett*, Judge); motion granted.

*Appellant*, pro se.

No response.

PER CURIAM. On July 17, 1995, judgment was entered reflecting that Eddie Taylor had pleaded guilty to possession, manufacture, and delivery of a controlled substance. A sentence of 480 months imprisonment was imposed with suspended imposition of sentence of twenty-five years. Mr. Taylor subsequently filed in the trial court a petition and an amended petition for reduction of sentence pursuant to Ark. Code Ann. § 16-90-111 (b) (1) (Supp. 1995). The petition and amended petition were denied on the merits, and the record has been lodged on appeal.

Mr. Taylor moves to extend the time to file his brief because he is incarcerated and thus has limited access to legal materials. As he filed the motion before the brief was due and has stated good cause for requesting an extension of time, the motion is granted. The time for filing the appellant's brief is extended to thirty days from the date of this opinion.

We take this opportunity to note that Mr. Taylor's claim for postconviction relief should have been brought pursuant to Ark. R. Crim. P. 37 rather than § 16-90-111, which we have declared to be in conflict with Rule 37. *Reed* v. *State*, 317 Ark. 286, 878 S.W.2d 378 (1994). Rule 37.2 (b) now provides, in pertinent part, that *all* grounds for postconviction relief from a sentence imposed by a circuit court must be raised in a petition under Rule 37.

In the *Reed* case we declined a petition brought pursuant to the statute. The petition in that case met the time constraints of the statute but not those of Rule 37. Mr. Taylor's petition met the timeliness requirement of Rule 37, and in view of the fact that it was a petition cognizable under Rule 37, it was not wrong for the

trial court to have considered it on its merits. We make this observation in the hope that confusion and untimely petitions may be avoided in future cases by referring to the rule rather than the statute.

Motion granted.

DUDLEY, J., not participating.