Johnny Austin BENTON *v.* STATE of Arkansas

CR 96-145                                              925 S.W.2d 401

Supreme Court of Arkansas
Opinion delivered July 1, 1996

*Edgar R. Thompson*, Lonoke County Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Senior Appellate Advocate, for appellee.

PER CURIAM. In 1994 Johnny Austin Benton was found guilty of theft of property and sentenced as a habitual offender to twenty years imprisonment. The court of appeals affirmed. *Benton v. State*, 50 Ark. App. 90, 901 S.W.2d 858 (1995). The mandate of the appeals court was issued July 18, 1995.

On October 12, 1995, the trial court entered an order which dismissed a petition to reduce sentence pursuant to Ark. Code Ann. § 16-90-111 (Supp. 1995). Appellant Benton brings this appeal from that order.

Appellant concedes that he did not file the petition with the circuit clerk; instead, he "sent" the petition to the circuit judge who ruled on it. Apparently because the petition was never filed-of-record, the record does not contain a copy of it. Nevertheless, the abstract contained in the appellant's brief includes an "Abstract of Stipulation" which consists of items that are not included in the record but which are included in the abstract. Among the items is a synopsis of the petition to reduce sentence pursuant to Ark. Code Ann. § 16-90-111. Appellant argues that the fact that he sent the petition to the judge constitutes substantial compliance with the requirement that a petition for postconviction relief be filed with the circuit clerk. We disagree and dismiss the appeal.

We first note that Ark.Code Ann. § 16-90-111 (Supp. 1995), the statute invoked by appellant, has been found to be in conflict with A.R.Cr.P. Rule 37, our postconviction remedy. We have held that Rule 37.2 (b) requires that all claims for postconviction relief from a sentence imposed by a circuit court must be raised under Rule 37. *Taylor* v. *State*, 324 Ark. 532, 922 S.W.2d 710 (1996). Statutes are given deference only to the extent that they are compatible with our rules, and conflicts which compromise these rules are resolved in favor of our rules. *Reed* v. *State*, 317 Ark. 286, 878 S.W.2d 378 (1994), citing *Hickson* v. *State*, 316 Ark. 783, 875 S.W.2d 492 (1994).

With respect to whether the petition in this case was properly filed, the filing of a petition for postconviction relief with the circuit clerk is critical in that the date of the filing of such a petition determines whether the trial court has jurisdiction to consider the petition on the merits. Delivering an item to a circuit judge is not the equivalent of filing the item with the clerk for the purposes of determining whether an item is timely filed under Rule 37. *See Thompson* v. *State*, 280 Ark. 161, 655 S.W.2d 424 (1983); *see also Grain* v. *State*, 280 Ark. 161, 655 S.W.2d 425 (1983).

Where a judgment has been affirmed on appeal, A.R.Cr.P. Rule 37.2 (c) provides that a petition under the rule is untimely if not *filed* within sixty days of the date the mandate was issued upon affirmance. The time limitations imposed in Rule 37 are jurisdictional in nature, and the circuit court may not grant relief on a petition for postconviction relief that is not properly filed. *See Maxwell* v. *State*, 298 Ark. 329, 767 S.W.2d 303 (1989). As appellant did not file his petition for postconviction relief with the circuit clerk within the sixty-day period set by Rule 37 to file such a petition, the trial court did not have authority to consider it. *See Smith* v. *State*, 321 Ark. 195, 900 S.W.2d 939 (1995).

Appeal dismissed.

DUDLEY, J., not participating.