Damien Wayne ECHOLS *v.* STATE of Arkansas

CR 99-1060                                      84 S.W.3d 424

Supreme Court of Arkansas
Opinion delivered September 12, 2002

*Edward A. Mallett*; *Al Schay*; and *Robert C. Owen*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

P ER CURIAM. Appellant Damien Wayne Echols has filed a motion for continuance of the oral argument scheduled for September 19, 2002, and a motion for a stay of the proceedings on appeal pending the outcome of a petition for forensic DNA testing, currently before the Craighead County Circuit Court. After due consideration of the motions and the response from the State, we hereby grant a stay of the proceedings on appeal for a period of sixty days, to allow the trial court to consider the petition.

The procedural history of this case is quite lengthy. Echols, along with Jason Baldwin and Jessie Misskelley, were convicted of the May 5, 1993, murders of three eight-year-old boys, Michael Moore, Steve Branch, and Christopher Byers, in West Memphis. Misskelley was tried first, and he was convicted of one count of first-degree murder and two counts of second-degree murder and was sentenced to life imprisonment and a total of forty years' imprisonment, respectively. This court affirmed his convictions and sentences in *Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702, *cert. denied*, 519 U.S. 898 (1996). Echols and Baldwin were tried together and were each convicted of three counts of capital murder. Baldwin received life imprisonment without the possibility of parole, while Echols was sentenced to death. This court affirmed their convictions and sentences in *Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996). Thereafter, the United States Supreme Court denied Echols's petition for writ of certiorari. *See Echols v. Arkansas*, 520 U.S. 1244 (1997).

Echols subsequently filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. The trial court denied the petition, and Echols appealed. The appeal was set to be heard, with oral argument, in this court on March 15, 2001. Prior to that date, however, on February 27, 2001, Echols filed a motion asking this court to stay the Rule 37 appeal and reinvest jurisdiction in the circuit court to consider his petition for writ of error *coram nobis*. We denied the motion for stay, but, due to the complexity of the motion, we directed the Clerk of this court to instruct the parties to brief this issue as a separate case and to establish a briefing schedule.

Thereafter, the Rule 37 appeal was heard as scheduled on March 15. In an opinion issued on April 26, 2001, we affirmed the trial court's judgment in part, but reversed in part and remanded for the trial court to enter a written order in compliance with Rule 37.5(i) and this court's holding in *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999). *See Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001). The trial court entered the new order on July 30, 2001. Thereafter, we instructed the Clerk of this court to set a new briefing schedule in the Rule 37 appeal.

Several extensions of time to file the briefs in the Rule 37 appeal were granted to both sides. Finally, on July 29, 2002, the Clerk set oral argument in this case for September 19, 2002. On September 5, 2002, Echols filed the current motions — for continuance of oral argument and for a stay of the proceedings pending outcome of his petition for DNA testing in the circuit court. In support of his motion for continuance of oral argument, Echols asserted that his lead counsel, Mr. Edward Mallett, of Houston, Texas, would be unavailable to argue the case or even to help prepare the argument, because another client of his, a death-row inmate in the state of Texas, was scheduled to be executed on September 18, 2002.

In support of his motion for a stay of these appellate proceedings, Echols asserts that he has made the requisite showings under Act 1780 of 2001, now codified as Ark. Code Ann. § 16-112-201 to -207 (Supp. 2001), entitling him to a hearing in the circuit court on his petition for forensic DNA testing. Act 1780 was passed by the General Assembly in response to nation-wide concerns that innocent persons were being imprisoned and even executed for crimes that they did not commit. Section 1 of the Act reflects the legislature's belief that the *"mission of the criminal justice system is to punish the guilty and to exonerate the innocent."* Accordingly, the purpose in passing Act 1780 was to change Arkansas laws and procedures *"in order to accommodate the advent of new technologies enhancing the ability to analyze scientific evidence."* *Id.*

■ ■ Echols asserts that he has made a *prima facie* showing that entitles him to pursue the DNA testing that he requests. Although we issue no ruling on the merits of the petition filed by Echols in the circuit court, it is apparent that the petition is appropriately filed in circuit court under procedures established by Act 1780. Under section 16-112-201, the circuit court has jurisdiction to consider a petition for scientific testing even though an appeal may be pending in this court or the Arkansas Court of Appeals. Accordingly, it is not necessary that we issue a stay. However, in the interest of justice, we believe it would be more prudent to grant a stay of our proceedings, pursuant to the discretionary authority set out in section 16-112-201(b). We therefore grant the motion to stay the proceedings in this court for a period

of sixty days, so that the circuit court may consider the merits of Echols's petition for forensic DNA testing, including whether to hold an evidentiary hearing on the matter. *See* section 16-112-205. Because we grant the motion to stay, the motion for continuance of oral argument is moot.

As a matter of housekeeping, we must address the parties' confusion regarding whether the two pending appellate matters, the Rule 37 appeal and the petition pertaining to the writ of error *coram nobis*, will be submitted together or as separate cases. We determine that the two matters are separate cases and should be considered individually. We therefore direct the Clerk of this court to establish the *coram nobis* matter as a separate case, filed under the direct-appeal case number, CR 94-928. The two cases will then be submitted and heard on the same date.