Michael Ray ORNDORFF *v.* STATE of Arkansas

03-132 132 S.W.3d 722

Supreme Court of Arkansas
Opinion delivered December 4, 2003

*Appellant, pro se.*

*Mike Beebe*, Att'y Gen., by: *Kelly K. Hill*, Ass't Att'y Gen., for appellee.

P ER CURIAM. Appellant and his codefendants were jointly tried and convicted of capital murder and aggravated robbery. They were sentenced to death on the capital murder charge and to life imprisonment on the two aggravated-robbery charges. We affirmed on appeal, *see Clines v. State*, 280 Ark. 77, 656 S.W.2d 684 (1983), *cert. denied*, 465 U.S. 1051 (1984), and subsequently affirmed the denial of postconviction relief. *See Clines v. State*, 282 Ark. 541, 669 S.W.2d 883 (1984).

After appellant and his codefendants had appealed to this court, it was discovered that Vicki Lehman, one of the surviving victims, had undergone hypnosis at the behest of the prosecution shortly after the crimes had occurred. Lehman had testified extensively at trial, but it was not disclosed to the trial court or the defense that she had undergone hypnosis. Appellant and his codefendants filed petitions for *habeas corpus* relief in federal court, claiming that they were denied their Sixth Amendment right to confront witnesses because they were not given the opportunity to cross-examine Lehman about the hypnosis. The federal district court found that the failure to disclose the hypnosis was constitutional error and that it was harmless with respect to the petitioners' convictions of capital murder. However, the court held that the error was not harmless as to the petitioners' sentences. *See Orndorff v. Lockhart*, 707 F. Supp. 1062 (E.D. Ark. 1988).

On appeal, the Court of Appeals for the Eighth Circuit affirmed the district court's holding that the error did not warrant reversal of the convictions because the evidence of guilt, even without Lehman's testimony, was overwhelming. *See Orndorff v. Lockhart*, 906 F.2d 1230, 1233 (8th Cir. 1990). However, the court remanded the case with directions for the district court to recon-

sider the question of whether the error was harmless with respect to the petitioners' death sentences. *Id.* On remand, the district court found the error harmless and denied petitioners' request for *habeas* relief. On appeal, the Eighth Circuit affirmed the court's denial of relief as to appellant's codefendants and reversed the denial of relief as to appellant. *See Orndorff v. Lockhart*, 998 F.2d 1426 (8th Cir. 1993), *cert. denied sub nom. Norris v. Orndorff*, 511 U.S. 1060 (1994). As for appellant, the court was unable to "say beyond a reasonable doubt that the variations in Vicki Lehman's testimony did not contribute to the jury's decision to sentence Orndorff to death." *Id.* at 1436. Accordingly, the court remanded the case to the district court with instructions that the court's order granting *habeas* relief should give the state the option of conducting a new sentencing proceeding or reducing appellant's sentence to life without parole. *Id.* Because the State elected not to retry the sentencing phase of appellant's case, appellant's death sentence was commuted to life imprisonment without parole.

Appellant filed a petition for a writ of *habeas corpus* pursuant to Act 1780 of 2001, codified as Ark. Code Ann. §§ 16-112-201 to -207 (Supp. 2001), contending that he is actually innocent of the offense of capital murder. His contention is based upon the fact that the State failed to disclose the hypnosis. Following a hearing, the trial court dismissed the petition and from that order comes this appeal.

 Act 1780 was passed by the General Assembly in response to nationwide concerns that innocent persons were being imprisoned and even executed for crimes that they did not commit. *Echols v. State*, 350 Ark. 42, 44, 84 S.W.3d 424, 426 (2002) *(per curiam)*. The Act provides that a writ of *habeas corpus* could issue based upon new scientific evidence proving a person is actually innocent of the offense or offenses for which he was convicted. *See* §§ 16-112-103(a)(1) and 16-12-201 to -207. A number of predicate requirements must be met under Act 1780. *See* §§ 16-112-201 to -203. Of importance is the requirement that a petitioner must present a *prima facie* case that identity was an issue at trial. *See* § 16-112-202(b).

 Appellant's identity was not an issue at trial. As noted by the Eighth Circuit, a review of the entire record revealed that appellant and his codefendants were responsible for the robbery homicide and that thirty-four prosecution witnesses documented their participation in the crimes. *See Orndorff*, 906 F.2d at 1233.

Because appellant failed to satisfy this requirement, the trial court found that he failed to state a *prima facie* case of actual innocence and that he failed to produce any evidence to bring his petition within the purview of Act 1780 and § 16-112-201, *et seq*. Instead, appellant argues that had Lehman's posthypnotic testimony been "stricken from the ears of the jury, it would have rendered a whole different verdict or outcome" because it would have brought appellant "out from under the capital murder statute." Appellant's claims pertaining to Lehman's testimony do not provide a basis upon which a writ of *habeas corpus* could issue under Act 1780.

Appellant goes on to claim that the trial court erred when it denied him the right to counsel at the hearing on his petition and in "suppressing" his right to testify at the hearing. Appellant has alleged no cognizable claims under Act 1780; therefore, the appointment of counsel and his testimony at the hearing would have had no bearing on the trial court's decision to dismiss his petition. Again, under Act 1780, a petitioner must present a *prima facie* case that identity was an issue at trial. *See* § 16-112-202(b). Appellant has made no such showing. Accordingly, we affirm the trial court's ruling below.

Affirmed.