Elwyn D. GRAHAM  *v.*  STATE of Arkansas

CR 03-1019                                    188 S.W.3d 893

Supreme Court of Arkansas
Opinion delivered June 24, 2004

*Bob Leslie*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

PER CURIAM. In 1996, Elwyn D. Graham entered a plea of guilty to capital murder and was sentenced to life imprisonment without parole. He subsequently filed a timely petition for postconviction relief pursuant to Criminal Procedure Rule 37.1 in the trial court seeking to vacate the judgment. The petition was denied, and Graham filed a timely notice of appeal but failed to perfect the appeal. We denied Graham's motion to lodge the appeal belatedly. *Graham v. State*, CR 97-928 (Ark. November 6, 1997) (*per curiam*).

In 2003, Graham filed in the trial court a *pro se* petition for writ of *habeas corpus* pursuant to Act 1780 of 2001, codified as Ark. Code Ann. § 16-112-201—207 (Supp. 2001). The circuit court denied the petition without a hearing, and Graham brings this appeal. We affirm the trial court's order.

Act 1780 provides that a writ of *habeas corpus* can issue based upon new scientific evidence proving a person actually innocent of the offense or offenses for which he or she was convicted. *See* Ark. Code Ann. §§ 16-112-103(a)(1), and 16-12-201—207 (Supp. 2001); *see also Echols v. State*, 350 Ark. 42, 44, 84 S.W.3d 424, 426 (2002) (*per curiam*). A number of predicate requirements must be met under Act 1780 before a circuit court can order that testing be done. *See* Ark. Code Ann. §§ 16-112-201 to -203 (Supp. 2001). A circuit court need not hold a hearing if the petition and the files and records show that a petitioner is not entitled to relief. Ark. Code Ann. § 16-112-205(a) (Supp. 2001).

Appellant claimed in his petition that his guilty plea was coerced and obtained by false promises, threats, misinformation,

deception, and misconduct. He further asserted that he had a history of mental illness and was not competent to waive trial by jury. Appellant contended that he had consistently maintained his innocence except for the occasion when he pleaded guilty.

We first note that any challenge to the guilty plea was properly raised under our postconviction rule, Rule 37.1. *See Taylor v. State*, 324 Ark. 532, 922 S.W.2d 710 (1996). Act 1780 does not provide a remedy to persons desirous of attacking a plea on the grounds that the defendant had a history of mental illness, that the plea was coerced, or obtained by false promises, threats, misinformation, deception, or misconduct. If appellant desired to challenge the guilty plea on the ground that his attorney was ineffective in permitting the plea to be entered because it was coerced or otherwise was not voluntarily given, the matter could, and should, have been raised in his Rule 37.1 petition. *See Bucheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999) (*per curiam*).

The remedy provided in an error *coram nobis* proceeding in the trial court was also available to appellant to raise allegations concerning his history of mental illness and his claim that the plea was coerced. *See Echols v. State*, 354 Ark. 414, 125 S.W.3d 153 (2003). Just as Act 1780 does not provide a substitute for proceeding under Rule 37.1, the act does not provide a substitute for a petition for writ of error *coram nobis* filed in the trial court. In short, there were remedies in place for appellant to attack the plea of guilty. If he did not avail himself of them, he cannot expand the narrow purview of Act 1780 to encompass any and all claims concerning the validity of his guilty plea.

Appellant argued that he was entitled under Act 1780 to have a hair recovered at the crime scene tested to obtain a profile of the mitochondrial DNA contained in it. He contended that the testing of the hair would prove that it was not his and might lead to exculpatory evidence.

A petitioner seeking testing under Act 1780 must present a *prima facie* case that identity was an issue at trial. Ark. Code Ann. § 16-112-202(b)(1). When a defendant enters a plea of guilty, the guilty plea is the trial. *Cox v. State*, 299 Ark. 312, 772 S.W.2d 336 (1989); *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984); *Irons v. State*, 267 Ark. 469, 591 S.W.2d 650 (1980). In entering his plea of guilty, appellant admitted that he committed the offense. His identity was thus not in question.

Appellant urges this court to find that a defendant who pleaded guilty is entitled under Act 1780 to later contend that identity was an issue at his trial because the admission of guilt may have been the product of an invalid plea brought about by coercion or other factors such as false promises. He asserts that the legislature's intent in framing the statute was to provide a means to exonerate the innocent by use of "new technologies," and that a person who pleads guilty should not be denied this avenue to attack his conviction.

We decline to accept appellant's argument because, as stated earlier, there is a remedy in place for challenging a plea of guilty on the grounds advanced by appellant, that is, Criminal Procedure Rule 37.1. Moreover, even persons who do not *admit* their guilt may fail to make a *prima facie* showing that identity was an issue at trial by virtue of the evidence adduced at trial establishing identity. This clearly illustrates that the facts revealed at trial are dispositive of whether identity was an issue. In *Orndorff v. State*, 355 Ark. 261, 132 S.W.3d 722 (2003) (*per curiam*), we concluded that a review of the record revealed that the petitioner had committed the offense of which he was convicted and identity was, as a result, not at issue in his case. In *Dyas v. State*, CR 02-959 (Ark. September 18, 2003) (*per curiam*) (unpublished), the petitioner failed to demonstrate that identity was an issue in that he testified at trial that he had accompanied his accomplice to the crime scene.

Other jurisdictions with statutes similar to our Act 1780 of 2001 also require a *prima facie* showing of identity as an issue at trial when a petitioner contends that he is entitled to post-trial scientific testing on the ground of actual innocence. In *Marsh v. Florida*, 812 So.2d 579 (Fla. 2002), the petitioner, who had been found guilty of sexual battery, failed to show that his identity was an issue at trial because he had admitted to having had sex with the victim, claiming that the encounter had been consensual. In *Sanders v. Texas*, 01-03-00084-CR (Tex. March 11, 2004), petitioner, who had been found guilty at trial of sexual assault, claimed that post-trial DNA testing would allow him to now raise the issue of identity. The court concluded that the Texas statute, which required the petitioner to show that "identity was or is an issue" in the case, was not available to secure scientific testing in the hope that it would raise the issue of identity. The court also noted that a witness had testified at trial that she knew the petitioner and had seen him go with the victim into the place where the assault

occurred and that petitioner had introduced no evidence to contradict the witness's (or the victim's) identification of him as the perpetrator.

Here, the appellant admitted to the offense when he pleaded guilty. His admission is the most powerful means of showing that his identity was not in question at the time of trial.

As to appellant's contention that the legislature desired Act 1780 of 2001 to exonerate the innocent, the statute must be afforded its plain meaning. *See Heikkila v. State,* 352 Ark. 87, 98 S.W.3d 805 (2003). The statute set up certain predicate requirements to be met, one of which was that identity must have been an issue at trial. In light of appellant's admission of guilt, there is no basis to find that the trial court erred when it denied his petition for scientific testing.

Affirmed.