Damien ECHOLS  *v.*  STATE of Arkansas

CR 94-928, CR 99-1060                    201 S.W.3d 890

Supreme Court of Arkansas
Supplemental Opinion on Denial of Rehearing
February 24, 2005

*Mandell & Wright, L.L.P.*, (Houston) by: *Edward A. Mallett*; and *Alvin Schay* (Little Rock), for petitioner.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for respondent.

Tom Glaze, Justice. We deny appellant Damien Echols's petition for rehearing. A petition for rehearing is to be used to call attention to specific errors of law or fact which the opinion is thought to contain; the brief on rehearing is not intended to afford an opportunity for a mere repetition of the argument already considered by the court. Ark. Sup. Ct. R. 2-3(g) (2004).

Echols first argues in his petition for rehearing that, if this court was correct in holding that his juror-bias claim should have been raised in a motion for new trial, then he should now be permitted to argue that counsel's failure to file such a motion constituted ineffective assistance of counsel. However, this court has previously foreclosed Echols's attempts to raise new ineffective-assistance claims. *See Echols v. State*, 354 Ark. 530, 127 S.W.3d 486 (2003).

Echols next argues that this court erred in its interpretation of Ark. R. Evid. 606(b), and he claims that this court's holding has deprived him of his ability to raise a federal constitutional claim. However, he argued this in his original briefs, and

petitions for rehearing are not intended to allow an opportunity for "mere repetition of the argument already considered by this court." Ark. Sup. Ct. R. 2-3(g).

Finally, Echols states that this court's comments concerning the DNA testing "do not reflect, and indeed are at odds with, the testing procedures agreed upon by the parties, which are now in progress." We point out that this court has repeatedly granted stays in this case so that the parties could complete the DNA testing authorized by Ark. Code Ann. § 16-112-201 (Supp. 2001). The first stay was for sixty days, granted in an opinion issued on September 12, 2002. *See Echols v. State*, 350 Ark. 42, 84 S.W.3d 424 (2002) (*per curiam*). Thereafter, on November 14, 2002, and February 28, 2003, this court extended the stay, for a period of ninety days each time. On June 19, 2003, this court granted yet another motion to extend the stay. *See Echols v. State*, 353 Ark. 755, 120 S.W.3d 78 (2003) (*per curiam*). We declined, however, to issue an open-ended stay, as Echols requested. Instead, we granted a stay for a period of seventy days from the date of that opinion, and declared that it would be the final extension of time.

In his brief in support of his current petition for rehearing, Echols avers that the trial court in this case issued an order on June 2, 2004, approving the DNA testing of specific items of evidence to be performed at the Bode Technology Group in Springfield, Virginia. Although he has attached a copy of that order to his petition for rehearing, he failed to provide this court with that information when he submitted his motion to recall the mandate and to reinvest the trial court with jurisdiction to consider a petition for writ of error *coram nobis*. Thus, our comment at the conclusion of the opinion, encouraging the parties to "take action to ensure that the DNA testing is addressed and concluded," was occasioned by the parties' failure to inform this court of the status of the DNA testing. This failure caused us to question whether our previous admonishment regarding the finality of the extensions of time had been ignored — a concern that the parties did nothing to allay when they failed to inform this court of the status and whereabouts of the DNA proceedings. We would not have made such a statement if the parties had provided this information to the court. Now that the parties have favored us with the status of the DNA testing, we clarify our opinion by striking its final paragraph. We again stress to the parties the importance of concluding this matter..

Petition for rehearing denied.