Elton Lee DAVIS *v.* STATE of Arkansas

CR 05-869                                           235 S.W.3d 902

Supreme Court of Arkansas
Opinion delivered May 18, 2006

*Elton Lee Davis, pro se*, for appellant.

No response.

Per Curiam. In 1998, Elton Lee Davis entered an *Alford*-type plea[1] of guilty to two counts of rape and two counts of incest. He was sentenced to fifteen years' imprisonment with five years suspended for the rape charges, and five years' imprisonment with five years suspended for the incest charges. Appellant subsequently filed a petition for a writ of *habeas corpus*, which the Lincoln County Circuit Court denied. We affirmed. *Davis v. State*, 01-373 (Ark. Jan. 31, 2002) *(per curiam)*.

In 2005, appellant filed in the trial court a *pro se* petition to vacate and set aside the judgment against him pursuant to Act 1780 of 2001, codified at Ark. Code Ann. §§ 16-112-201–207 (Supp. 2003). In his petition, appellant maintained that the two victims were "virgins at the age they claimed appellant raped . . . [or] engaged in deviate sexual activity with them." The trial court denied the petition without a hearing, and appellant, proceeding *pro se*, has lodged an appeal here from the order. We affirm the trial court's order.[2]

We do not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002).

Act 1780 of 2001 provides that a writ of *habeas corpus* can issue based upon new scientific evidence proving a person actually

---

[1] Under *North Carolina v. Alford*, 400 U.S. 25 (1970), a court may accept a guilty plea from a defendant who maintains his innocence, provided the court finds an adequate factual basis for the plea of guilty. Typically, a criminal defendant will utilize an *Alford* plea when he "intelligently concludes that his interests require entry of a guilty plea" in light of strong evidence of actual guilt with the intention of limiting the penalty to be imposed. *See Alford*, 400 U.S. at 37-38. Here, the judgment and commitment order so noted appellant's guilty plea to the trial court.

[2] As appellant's petition did not meet the requirements of the Act, this court need not reach the issue of whether entering an *Alford* plea of guilty, as allowed by *Alford, supra*, wherein a defendant maintains his innocence, affords a defendant the opportunity to later challenge the judgment on the grounds of actual innocence.

innocent of the offense or offenses for which he or she was convicted. *See* Ark. Code Ann. §§ 16-112-103(a)(1) and 16-112-201–207 (Supp.2003)[3]; *see also Echols v. State*, 350 Ark. 42, 44, 84 S.W.3d 424, 426 (2002) (*per curiam*). There are a number of predicate requirements that must be met under Act 1780 before a circuit court can order that testing be done. *See* Ark. Code Ann. §§ 16-112-201 to -203. The Act requires a *prima facie* showing of identity as an issue at trial when a petitioner contends that he is entitled to posttrial scientific testing on the ground of actual innocence. Ark. Code Ann. § 16-112-202(b)(1); *Graham v. State*, 358 Ark. 296, 188 S.W.3d 893 (2004) (*per curiam*). Other requirements are that the requested testing has the scientific potential to produce new, non-cumulative evidence materially relevant to the defendant's assertion of actual innocence and that the testing requested employs a scientific method generally accepted within the relevant scientific community. Ark. Code Ann. § 16-112-202(c)(1)(B)-(C).

Here, appellant states in his brief to this court that no rape kits were performed on either of the victims. He contends that the victims were virgins after the date of the alleged offenses. Citing only "forensic D.N.A. testing or other tests which have become available through the advances in technology," appellant has failed to reveal in his pleadings a generally accepted scientific method that can prove that the victims were virgins after July 12, 1997, based on blood, tissue, or other samples taken today, nearly a decade later. Thus, appellant has not complied with section 16-112-202(c)(1)(C). This court will not delve into the realm of pure science fiction to allow appellant's request to proceed pursuant to Act 1780.

Further, we note that appellant's brief references existing medical records, which he maintains will support his claim of innocence and the DNA testing he seeks. Act 1780 requires that the requested scientific testing will produce new, non-cumulative evidence to support appellant's claim of innocence. By appellant's own admission, the requested scientific testing will merely duplicate medical records in existence at the time of his conviction. Thus, appellant has not met the requirements of section 16-112-

[3] Appellant filed his petition prior to the enactment of Act 2250 of 2005 with an effective date of August 12, 2005, that amended portions of the relevant statute.

202(c)(1)(B) as the requested DNA testing will produce evidence that is neither new nor non–cumulative.

In the instant case, appellant's petition did not meet the burden imposed by sections 16-112-202(c)(1)(B) and (C) to identify a generally accepted scientific testing method that would produce new and non–cumulative evidence materially relevant to his assertion of actual innocence. Because he failed to state sufficient facts in his petition in order for retesting to be granted under Act 1780, the decision of the trial court is affirmed.

Affirmed.