
SLIP OPINION

Cite as 2013 Ark. 423

# SUPREME COURT OF ARKANSAS

No. CR-13-662

|  |  |
|---|---|
| | **Opinion Delivered**    October 24, 2013 |
| AMBER YBARRA<br>    APPELLANT | APPELLEE'S MOTION TO DISMISS<br>APPEAL [LITTLE RIVER COUNTY<br>CIRCUIT COURT, 41CR-09-109,<br>HON. TOM COOPER, JUDGE] |
| v. | |
| STATE OF ARKANSAS<br>    APPELLEE | MOTION GRANTED; APPEAL<br>DISMISSED. |

## PER CURIAM

On August 26, 2009, judgment was entered in the Little River County Circuit Court reflecting that appellant Amber Ybarra had entered a plea of guilty to aggravated robbery and battery in the second degree and that her probation for an earlier conviction for aggravated assault had been revoked. An aggregate sentence of 180 months' imprisonment was imposed.

On May 3, 2013, appellant filed in the trial court a pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 1997). The petition was denied, and appellant lodged an appeal in this court from the order. Now before us is the appellee's motion to dismiss the appeal on the ground that the petition was not timely filed.

The motion is granted, as it is evident from the record that appellant could not succeed on appeal. This court will not permit an appeal from an order that denied a petition for postconviction relief to go forward where it is clear that the appellant could not prevail. *See Murphy v. State*, 2013 Ark. 243 (per curiam).



In the petition, appellant alleged that she was forced to sign a plea agreement by which she would be required to serve seventy percent of the sentence imposed. She contended that she believed at the time that she would be required to serve only fifty percent of the sentence. Appellant asked the trial court for a "time commutation."[1] In her prayer for relief, she also asked that the sentence be declared illegal, that the sentence be corrected, that she be released from custody after "sufficient correction" had occurred, or for whatever relief the court deemed proper.

As the appellee argues in its motion, the grounds for relief stated in the petition were cognizable under Arkansas's postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (2009). A petition that mounts a collateral attack on a judgment based on claims within the purview of Rule 37.1 is governed by that rule regardless of the label placed on it by the petitioner. *Holliday v. State*, 2013 Ark. 47 (per curiam). As appellant's allegations concerning entry of her guilty plea in 2009 were within the purview of Rule 37.1, the petition was subject to the time limitations contained in the rule. *Hickman v. State*, 2012 Ark. 359 (per curiam).

Arkansas Rule of Criminal Procedure 37.2(c) requires that, where an appellant entered a plea of guilty, a petition must be filed within ninety days of the date that the judgment was entered-of-record. Ark. R. Crim. P. 37.2(c)(i). Appellant filed her petition far outside the

---

[1] To the extent that appellant's reference to "commutation" was intended as a request for the sentence to be commuted by the granting of clemency, the request was not properly addressed to the trial court. The granting of clemency is an exclusive power granted to the executive officer by the Arkansas Constitution. Ark. Const. art. 6, § 18.

ninety-day period. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if the are not met, a trial court lacks jurisdiction to grant postconviction relief. *Talley v. State*, 2012 Ark. 314 (per curiam); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (per curiam). The petition before the trial court was not timely filed as to the judgment-and-commitment order or the revocation order, and, thus, the trial court had no jurisdiction to grant the relief sought. Where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Nooner v. State*, 2013 Ark. 13 (per curiam).

Motion granted; appeal dismissed.

*Amber Ybarra*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.