SLIP OPINION    Cite as 2013 Ark. 482

# SUPREME COURT OF ARKANSAS

No. CR-13-572

| | |
|---|---|
| DONALD FELIX WINNETT<br><br>APPELLANT<br><br>v.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered    November 21, 2013<br><br>PRO SE MOTION TO SUBMIT A NONCONFORMING BRIEF AND MOTION FOR SENTENCE REDUCTION [SALINE COUNTY CIRCUIT COURT, 63CR-06-523, HON. GARY M. ARNOLD, JUDGE]<br><br>APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 2007, appellant Donald Felix Winnett entered a negotiated plea of guilty or nolo contendere to rape. He was sentenced to serve 240 months' imprisonment.

In 2013, appellant filed a pro se petition for writ of habeas corpus in the trial court pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). In support of his petition, appellant summarily stated that scientific evidence was available to show his actual innocence, and he made a number of claims related to the legality of his arrest. The trial court denied the motion based on its finding that the petition was untimely and that appellant offered no scientific evidence in support of his allegation. Appellant lodged this appeal. Now before us are appellant's pro se motions to submit a nonconforming brief and for sentence reduction.

We need not consider appellant's motions because it is clear that the habeas petition is wholly without merit. An appeal from an order that denied a petition for postconviction

relief, including a petition under Act 1780 of 2001, will not be allowed to proceed where it is clear that an appellant could not prevail. *Cooper v. State*, 2013 Ark. 180 (per curiam); *Fields v. State*, 2013 Ark. 154 (per curiam); *King v. State*, 2013 Ark. 133 (per curiam); *Foster v. State*, 2013 Ark. 61 (per curiam).

Act 1780 of 2001, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61. Before a circuit court can order testing under this statute, however, there are a number of predicate requirements that must be met. *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Douthitt v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam); *see* Ark. Code Ann. §§ 16-112-201 to -203.

In his petition, appellant alleged that he had scientific evidence available to show his actual innocence. However, he based the allegation on the fact that there was no arrest warrant filed, that the affidavit of probable cause was not valid, and that he was not read his *Miranda* rights. As found by the trial court, appellant offered no scientific evidence in support of his allegation. While appellant referred to Act 1780 in his petition, he failed to show that his request satisfied the requirements of section 16-112-202. He did not describe any new technology that would result in new scientific evidence or otherwise allege what evidence testing would produce.

The generally applicable standard of review of an order denying postconviction relief dictates that this court does not reverse unless the circuit court's findings are clearly erroneous.

*Cooper v. State*, 2012 Ark. 123 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* Considering the unsubstantiated claim raised by appellant that merely alleged the availability of scientific evidence, it cannot be said that the trial court erred in denying relief.

Moreover, we agree with the trial court that dismissal of the petition is proper because it was not timely filed. A petitioner who files a petition more than thirty-six months after the entry of the judgment of conviction must rebut a presumption that his petition is untimely. Ark. Code Ann. § 16-112-202(10)(B). This presumption against timeliness may be rebutted by showing that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; that the evidence to be tested is newly discovered; that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or for other good cause. *Id.* Appellant filed his petition more than five years after the judgment of conviction had been entered against him, and he failed to state any basis in his petition to rebut the presumption against timeliness.

Appeal dismissed; motions moot.

*Donald Felix Winnett*, pro se appellant.

No response.

3