

# SUPREME COURT OF ARKANSAS

**No.** CR-12-825

| | |
|---|---|
| CHRISTOPHER EDWARDS<br>APPELLANT | **Opinion Delivered** April 24, 2014 |
| V. | PRO SE APPEAL FROM THE<br>HOWARD COUNTY CIRCUIT COURT,<br>[NOS. 31CR-09-61 & 31CR-10-23] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE TOM COOPER, JUDGE |
| | AFFIRMED. |

**PER CURIAM**

In 2010, appellant Christopher Edwards entered a negotiated plea of guilty to two counts of possession of a controlled substance with intent to deliver (cocaine), one count of possession of a controlled substance with intent to deliver (marijuana), simultaneous possession of drugs and firearms, and possession of firearms by a felon in two cases in the Howard County Circuit Court. In 2012, appellant filed a petition under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), in the same court.[1] The petition sought DNA and latent-fingerprint testing of certain evidence, along with other relief, in one of the two cases.[2] The trial court denied the petition, and appellant brings this appeal of that final order.

---

[1]Appellant references an earlier version of the statute in his brief, but the amended Act is the applicable one.

[2]Although appellant only sought scientific testing of the evidence in 31CR-10-23, which was comprised of one count of possession of cocaine with the intent to deliver and the remaining drug charges, the petition sought relief through invalidation of the entire judgment, which also included appellant's conviction on the second charge of possession of cocaine with the intent to deliver in 31CR-09-61.

SLIP OPINION

Appellant raises three points on appeal. In the first, he asserts that the order was void because the State failed to file a response to the petition under Act 1780 as required by section 16-112-204(a). Appellant argues in this first point that, under the rules of civil procedure, he was entitled to a default judgment. We have, however, consistently rejected that argument. *See Wallace v. State*, 2011 Ark. 295 (per curiam) (citing *Carter v. State*, 2010 Ark. 29 (per curiam)). In his remaining two points, appellant alleges error in the trial court's findings that he failed to comply with the requirements of the statute.

We affirm the trial court's denial of relief under Act 1780 because the trial court correctly found that appellant's petition did not state a basis for relief under the Act. The State asserts in its brief that this court should summarily dismiss the appeal because the notice of appeal was insufficient and because the petition for Act 1780 relief was not properly verified. Thus, before we turn to the merits of the appeal, we address the sufficiency of appellant's notice of appeal and his underlying petition. Both the notice of appeal and the petition, however, appear sufficient.

First, the State alleged that the notice did not adequately identify the appealed order. There are two orders in the record, one denying the Act 1780 petition entered August 20, 2012, and one denying appellant's motion for appointment of counsel entered the same day. The later order references August 16, 2012, as the date the motion came under consideration by the court. The State contends that it is not clear from the notice of appeal which of these two orders has been appealed. The notice of appeal references only "the final Order of the Circuit Court of Howard County, entered on August 16, 2012." In its brief, the State in concedes that a mistaken date may be treated as a scrivener's error, and that this court requires only substantial

compliance. *See Duncan v. Duncan*, 2009 Ark. 565. The State, however, appears to argue that it is not clear which of the two orders is the one that was intended to be appealed. Nevertheless, as the order denying the motion for appointment of counsel was not a final order, there is only one final order in the record. The notice of appeal references a final order, and therefore the notice in this particular case adequately identified the August 20, 2012 order denying the Act 1780 petition, albeit with an incorrect date.

The State also contends that the Act 1780 petition was not properly verified. The Act as amended does include a requirement that the claims are to be made under penalty of perjury. Ark. Code Ann. § 16-112-201(a). The Act, however, does not include any particular form for verification, and it indicates that the trial court is to waive any irregularities or defects in form. Ark. Code Ann. § 16-112-204(b)(3). The petition was notarized, although the notarization followed the certificate of service signed by the appellant. This was sufficient under the circumstances for an Act 1780 petition. Thus, we find that both the notice of appeal and petition are sufficient.

Turning to the merits of the appeal, appellant alleged that testing the evidence would exonerate him, that he had been pressured into entering a guilty plea by promises from the prosecutor that the same charges filed against his girlfriend would be dismissed, and that identity was at issue in the case because his girlfriend had confessed to ownership of the drugs and the gun. The trial court found that appellant failed to show that testing was not available to him at the time of conviction and that, by entering a guilty plea, appellant had failed to establish that identity was at issue during the investigation or prosecution of the offense.

3

The standard of review of an order denying postconviction relief dictates that this court does not reverse unless the circuit court's findings are clearly erroneous, although issues concerning statutory interpretation are reviewed de novo. *Cooper v. State*, 2013 Ark. 180 (per curiam). An abuse-of-discretion standard applies when the statute allows the trial court to exercise discretion. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Id.*

Act 1780 provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *Winnett v. State*, 2013 Ark. 482 (per curiam). Before a circuit court can order testing under the statute, there are a number of predicate requirements that must be met. *Id.* This includes a requirement that the identity of the perpetrator was at issue during the investigation or prosecution of the offense being challenged. Ark. Code Ann. § 16-112-202(7).

As the State notes in its brief, in *Graham v. State*, 358 Ark. 296, 188 S.W.3d 893 (2004), this court held that a challenge to a guilty plea was not cognizable in Act 1780 proceedings under the prior statute and that, where a defendant has entered a guilty plea and admitted that he committed the offense, identity is not in question for purposes of the Act. *Graham*, 358 Ark. 296, 188 S.W.3d 893. Appellant asserts that his girlfriend's confession, as detailed in an affidavit attached to his petition, should act to place identity in question despite his entry of a guilty plea to the charges. It does not.

In her affidavit, appellant's girlfriend, Sharita Lavonne Lofton, avers that she would testify that the drugs and the gun were hers and that she possessed them without appellant's knowledge or consent. That testimony would not, as appellant contends, serve to exonerate him. Even if we accepted Ms. Lofton's testimony as true for the purposes of appeal, her ownership of the drugs and gun would not preclude appellant's possession. To the extent that appellant contends his guilty plea was coerced by false promises, the remedy for challenging a plea of guilty on that ground is found in Criminal Procedure Rule 37.1. *Graham*, 358 Ark. at 299, 188 S.W.3d at 896. Ms. Lofton's testimony is not reliably credible because she has obvious bias, and, even if it was true that she owned the drugs and the gun, that fact would not preclude appellant's possession. Appellant therefore did not demonstrate any basis for an exception to the rule in *Graham*.

Because appellant failed to show that the trial court erred in determining that his petition did not satisfy this requirement of the statute, appellant did not establish a basis for relief under Act 1780, and the trial court did not err in denying relief under the Act. We therefore need not consider appellant's other arguments concerning satisfaction of any other requirement under the statute because the trial court correctly determined that appellant did not show that his petition met the minimum requirements of the statute. *See* Ark. Code Ann. § 16-112-202.

Affirmed.

*Christopher Edwards*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.