SLIP OPINION

Cite as 2014 Ark. 325

# ARKANSAS SUPREME COURT

No. CR-13-504

JAMES GIRLEY

APPELLANT

V.

RAY HOBBS, DIRECTOR, ARKANSAS
DEPARTMENT OF CORRECTION

APPELLEE

Opinion Delivered July 31, 2014

PRO SE APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT
[NO. 60CR-98-461]

HONORABLE HERBERT T. WRIGHT,
JUDGE

AFFIRMED.

## PER CURIAM

In 1998, appellant James Girley was found guilty of rape by a jury in the Pulaski County Circuit Court and sentenced to 300 months' imprisonment. The Arkansas Court of Appeals affirmed as modified.[1] *Girley v. State*, CR-98-1108 (Ark. App. Mar. 24, 1999) (unpublished) (original docket no. CACR 98-1108).

In 2013, appellant filed in the trial court a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). Act 1780, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); Ark. Code Ann. § 16-112-201; *Biggs v. State*, 2013 Ark. 162 (per curiam); *Strong v. State*, 2010 Ark. 181, 372 S.W 3d

---

[1] The judgment, entered erroneously, reflected a sentence of 400 months' imprisonment. The court of appeals modified the sentence to the correct sentence of 300 months' imprisonment and directed the trial court to enter an order reflecting the modification.

758 (per curiam).

The generally applicable standard of review of an order denying postconviction relief dictates that this court does not reverse unless the circuit court's findings are clearly erroneous, although issues concerning statutory interpretation are reviewed de novo. *Cooper v. State*, 2013 Ark. 180 (per curiam) (citing *Echols v. State*, 2010 Ark. 417, 373 S.W.3d 892). An abuse-of-discretion standard applies when the statute allows the trial court to exercise discretion. *Cooper*, 2013 Ark. 180; *see Horn v. State*, 2010 Ark. 496, 372 S.W.3d 809. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Cooper*, 2013 Ark. 180; *Pitts v. State*, 2011 Ark. 322 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Guy v. State*, 2011 Ark. 305 (per curiam).

In his petition under the statute, appellant contended that there was scientific evidence in the form of DNA testing not available at the time of his trial that was more probative than earlier DNA testing methods and that could establish his actual innocence. He identified the testing as "short tandem repeat techniques." He asserted that the State is in possession of DNA evidence from the sexual-assault kit from the medical examination of the rape victim that supports his claim of innocence and should be compared to his DNA. He further claimed that the request for the DNA testing was timely under the statute because (1) he was incompetent to make the request earlier, (2) perjured scientific evidence was introduced at his trial, and (3) the sexual-assault kit was not introduced into evidence at trial and is thus "newly discovered evidence."

SLIP OPINION

The trial court held that the petition was untimely, citing *Hamm v. Office of Child Support Enforcement*, 336 Ark. 391, 985 S.W.2d 742 (1999), a case in which there was testimony pertaining to the use of short-tandem-repeat technology in a paternity dispute at about the time of appellant's trial. The trial court concluded that the *Hamm* case indicated that such technology had been in use since at least 1999 and was not new technology. The trial court also held that the petition failed to state factual support for the claim that his incompetence was the cause of the delay in bringing the petition.

On appeal, appellant argues that the evidence from the sexual-assault kit was suppressed by the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that the suppression of the evidence excuses the delay in his raising the claim for DNA testing using the short-tandem-repeat technology. He also repeats the arguments raised in the petition as further grounds for reversal of the trial court's order denying the relief sought. We find no reversible error.

Before a circuit court can order testing under the statute, there are a number of predicate requirements that must be met. *King v. State*, 2013 Ark. 133 (per curiam); *see* Ark. Code Ann. § 16-112-202. One of these predicate requirements is that the petition must be filed in a timely fashion. Ark. Code Ann. § 16-112-202(10). In 2005, the statute was amended to include a rebuttable presumption against timeliness for any petition filed more than thirty-six months after the entry of the judgment of conviction. *Id.* This presumption against timeliness may be rebutted by showing (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3)

that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) for other good cause. Ark. Code Ann. § 16-112-202(10)(B)(i)–(v).

In the instant case, appellant filed his pleadings in the trial court approximately fifteen years after the judgment-and-commitment order had been entered of record and approximately seven years after section 16-112-202 had been amended to include the 36-month limitation. He failed to state any basis to rebut the presumption against timeliness.

First, the claim of a *Brady* violation is raised for the first time in this appeal. For that reason, we will not consider it. If the issue was not raised in the petition, the trial court did not have the opportunity to rule on the issue, and this court will not consider issues on which there was no ruling below or arguments in support of a claim that are advanced for the first time on appeal. *See Williams v. State*, 2013 Ark. 375 (per curiam); *Green v. State*, 2013 Ark. 455 (per curiam).

With respect to the claims that were raised below pertaining to the timeliness of the petition, appellant offered no factual support in his petition for the assertion that his incompetence caused him to delay filing his petition seeking short-tandem-repeat DNA testing. He also offered no proof that the technology was not available at the time of his trial or that there was any other good cause for his failure to raise his claim under the statute within the thirty-six-month window allowed by the statute. Because appellant failed to rebut the presumption against timeliness in Arkansas Code Annotated section 16-112-202(10), the trial

court did not err in declining to order the DNA testing requested.

Affirmed.

*James Girley*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.