SLIP OPINION

Cite as 2014 Ark. 371

# SUPREME COURT OF ARKANSAS

No. CR-14-464

| | | |
|---|---|---|
| COREY DANIELL | APPELLANT | Opinion Delivered September 11, 2014 |
| V. | | PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [PIKE COUNTY CIRCUIT COURT, NO. 55CR-12-10] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHARLES A. YEARGAN, JUDGE |
| | | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

On March 11, 2013, a sentencing order was entered in the Pike County Circuit Court reflecting that appellant Corey Daniell had entered a negotiated plea of guilty to the charge of rape and was sentenced to 216 months' imprisonment with an additional suspended imposition of 84 months' imprisonment. On April 23, 2014, appellant filed a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013) in which he alleged that he received ineffective assistance of counsel because he was denied the opportunity to participate in defense strategy, because DNA and filed motions were not disclosed to him, and because he did not fully understand the terms of his plea agreement. The circuit court denied the petition as untimely, and appellant timely lodged an appeal from the order in this court. Now before us is appellant's pro se motion for extension of time to file the appellant's brief-in-chief.

Because it is clear from the record that appellant could not prevail on appeal, we dismiss

the appeal, and the motion is moot. An appeal of the denial of postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam).

Pursuant to Rule 37.2, when an appellant entered a plea of guilty, a petition must be filed within ninety days of the date that the judgment was entered of record. Ark. R. Crim. P. 37.2(c)(i) (2013). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief. *Talley v. State*, 2012 Ark. 314 (per curiam); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (per curiam). The petition in the instant case was not timely filed because appellant filed it more than ninety days after the judgement had been entered of record; appellant filed his petition for postconviction relief over one year after the sentencing order had been entered of record. Accordingly, the trial court had no jurisdiction to grant the relief sought. When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Winnett v. State*, 2012 Ark. 404 (per curiam).

Appeal dismissed; motion moot.

*Corey Daniell*, pro se appellant.

No response.