SLIP OPINION

Cite as 2014 Ark. 418

# SUPREME COURT OF ARKANSAS

No. CR-13-293

| | | |
|---|---|---|
| | | **Opinion Delivered** October 9, 2014 |
| BRENDON BARTON | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-11-3134] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE WENDELL L. GRIFFEN, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 2012, judgment was entered reflecting that appellant Brendon Barton had entered a plea of guilty to eight counts of aggravated robbery, one count of aggravated residential burglary, eight counts of felony theft of property, one count of kidnapping, and one count of battery in the second degree. He was sentenced to an aggregate term of 300 months' imprisonment.

In 2013, appellant filed in the trial court a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). Act 1780, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); Ark. Code Ann. § 16-112-201; *Biggs v. State*, 2014 Ark. 114 (per curiam); *Strong v. State*, 2010 Ark. 181, 372 S.W.3d 758 (per curiam). The petition was denied, and appellant brings this appeal.

The generally applicable standard of review of an order denying postconviction relief dictates that this court does not reverse unless the circuit court's findings are clearly erroneous, although issues concerning statutory interpretation are reviewed de novo. *Girley v. Hobbs*, 2014

Ark. 325, ___ S.W.3d ___ (per curiam); *Cooper v. State*, 2013 Ark. 180 (per curiam). An abuse-of-discretion standard applies when the statute allows the trial court to exercise discretion. *Girley*, 2014 Ark. 325, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*; *Pitts v. State*, 2011 Ark. 322 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Guy v. State*, 2011 Ark. 305 (per curiam).

In his petition under the statute, appellant contended in conclusory fashion that there was new scientific evidence that would prove that he is actually innocent of seven of the eight counts of aggravated robbery to which he pled guilty. He failed, however, to state what specific scientific evidence is now available. Instead, he argued at length that the evidence against him was insufficient to sustain the judgment because the elements of the offense of aggravated robbery were not proven beyond a reasonable doubt.

Arkansas Code Annotated section 16-112-201(a)(1) provides that a petitioner must show that there exists scientific evidence not available at trial that establishes his actual innocence. When a petitioner under the statute fails to provide factual support for the claim that there is scientific evidence which bears on his case, he has failed to demonstrate that he is entitled to relief. *See Darrough v. State*, 2014 Ark. 334, ___ S.W.3d ___ (per curiam).[1]

---

[1] To the extent that appellant intended his claim of actual innocence to be a challenge to his plea of guilty, before a circuit court can order scientific testing under the statute, there are a number of predicate requirements that must be met. *Edwards v. State*, 2014 Ark. 185 (per curiam). This includes a requirement that the identity of the perpetrator was at issue during the investigation or prosecution of the offense being challenged. Ark. Code Ann. § 16-112-202(7). This court held in *Graham v. State*, 358 Ark. 296, 188 S.W.3d 893 (2004) (per curiam), that when

As his second argument for relief under the statute, appellant contended that, under the constitutional prohibition against double jeopardy, he should have been convicted of only one of the five aggravated-robbery counts because those five robberies were a continuing course of conduct. He bases the allegation on his claim that the five robberies took place in one parking lot within minutes of each other. He did not, however, contend in his petition, nor does he argue in his brief in this appeal, that the claim is one that is cognizable under Act 1780. As stated, relief under the Act is based on new scientific evidence available to the convicted defendant. The Act does not provide an opportunity to raise issues outside the purview of the Act, and it is not a substitute for pursuing other remedies that may be available to the convicted defendant to address error of constitutional dimension. *See Graham*, 358 Ark. 296, 188 S.W.3d 893.

Because appellant failed to state a cause of action under the statute, the trial court did not err in denying the petition. Accordingly, the order is affirmed.

Affirmed.

*Brendon Barton*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.

---

a defendant has entered a guilty plea and admitted that he committed the offense, identity is not in question for purposes of the Act. For that reason, a challenge to a guilty plea is not cognizable in Act 1780 even in those instances where the petitioner alleges that there is new scientific evidence available. *Edwards*, 2014 Ark. 185.