Ralph DOUTHITT *v.* STATE of Arkansas

CR 06-375 237 S.W.3d 76

Supreme Court of Arkansas
Opinion delivered June 15, 2006

*Ralph Douthitt, pro se*, for appellant.

No response.

PER CURIAM. In 1995, appellant Ralph Douthitt was convicted by a jury of sixty-one counts of felony rape, incest, and violation of a minor, and was sentenced to 174 years' imprisonment. We affirmed. *Douthitt v. State*, 326 Ark. 794, 935 S.W.2d 241 (1996). Subsequently, appellant belatedly sought postconviction relief pursuant to Ark. R. Crim. P. 37.1. The trial court denied appellant's motion to file a belated Rule 37.1 petition. Appellant tendered the record on appeal to this court and sought a motion for rule on clerk. We denied the motion. *Douthitt v. State*, CR 98-272 (Ark. Apr. 16, 1998) (*per curiam*).

In 2002, appellant filed a petition for writ of error *coram nobis* in the trial court. We affirmed the trial court's dismissal due to appellant's improper procedure in pursuing the writ. *Douthitt v. State*, CR 01-1 (Ark. Apr. 11, 2002) (*per curiam*), petition for rehearing denied, *Douthitt v. State*, CR 01-1 (Ark. May 9, 2002) (*per curiam*).

In 2005, appellant filed in the trial court a *pro se* petition to vacate and set aside the judgment against him pursuant to Act 1780 of 2001, codified at Ark. Code Ann. §§ 16-112-201–207 (Repl. 2006). In his petition, appellant maintained that he was innocent and sought scientific testing of evidence obtained at the trial. He additionally made claims of insufficient evidence to support his conviction, unlawful arrest, illegal search and seizure, ineffective assistance of counsel at the trial and appellate levels, denial of a fair and impartial trial, invalid judgment, and the trial court's lack of jurisdiction. Appellant sought a hearing on his petition. The trial court denied the petition without a hearing, and appellant, proceeding *pro se*, has lodged an appeal here from the order.

Now before us is appellant's *pro se* motion for extension of time to file his brief. We need not consider the motion as it is apparent that appellant could not prevail in this appeal if it were permitted to go forward because the petition filed in the trial court did not comport with the prevailing rules of procedure. Accordingly, we dismiss the appeal and hold the motion moot. This court has consistently held that an appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *See Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999) (*per curiam*); *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996) (*per curiam*).

Act 1780 of 2001 provides that a writ of *habeas corpus* can issue based upon new scientific evidence proving a person actually innocent of the offense or offenses for which he or she was convicted. *See* Ark. Code Ann. § 16-112-103(a)(1) and §§ 16-112-201–207; *see also Echols v. State*, 350 Ark. 42, 84 S.W.3d 424 (2002) (*per curiam*) (decision under prior law). Act 1780 was amended by Act 2250 of 2005, and appellant filed his petition after the effective date of the amendments to the act.

As revised, there are a number of predicate requirements that must be met under Act 1780 before a circuit court can order that testing be done. *See* Ark. Code Ann. §§ 16-112-201–203. In his petition, appellant merely concluded that he was innocent and he wished to have testing performed to prove his innocence. Appellant failed to state the basis for proving his innocence with scientific testing, failed to identify the evidence to be tested and failed to specify the scientific tests to be conducted on the evidence. *See* Ark. Code Ann. § 16-112-202(1), (2), (5), (6) and (8). Instead, appellant claimed numerous other bases for issuance of the writ, including claims that the evidence used to convict him

was obtained as a result of an unconstitutional search and seizure, an issue that appellant raised in his direct appeal, and that the evidence was insufficient to support his conviction.[1]

Additionally, the act now requires that if an appellant files a motion seeking a petition for writ of *habeas corpus* more than thirty-six months after the date of the conviction, a rebuttable presumption arises that the motion is untimely filed. Ark. Code Ann. § 16-112-202(10)(B). The presumption may be rebutted upon a showing that: (i) the petitioner's incompetence caused or contributed to the delay; (ii) the evidence to be tested is newly discovered; (iii) the motion was not based solely upon the petitioner's own assertion of innocence and a denial of the motion would result in a manifest injustice; (iv) a new and substantially more probative method of testing is available; (v) other good cause exists.

 Appellant filed his petition for writ of *habeas corpus* ten years after his conviction. A rebuttable presumption therefore arose that the petition was untimely filed. In his petition, appellant failed to rebut this presumption of untimeliness by making a showing of any of the five grounds set forth in section 16-112-202(10)(B). Appellant's petition contained nothing more than appellant's own assertion of innocence. Further, he did not make a showing that incompetence, newly discovered evidence, manifest injustice, new testing methods, or good cause prevented appellant from filing his petition within thirty-six months from the date of his conviction. Thus, appellant failed to rebut the presumption that the petition was untimely filed.

As appellant's petition did not meet the jurisdictional burden imposed by section 16-112-202(10)(B), the appeal is dismissed.

Appeal dismissed; motion moot.

---

[1] Appellant's petition referenced an affidavit by Tammy Douthitt in support of his argument on this point. The affidavit was not attached to appellant's petition.