Rickey LEE BROWN *v.* STATE of Arkansas

CR 05-1261                                          239 S.W.3d 481

Supreme Court of Arkansas
Opinion delivered September 21, 2006

---

Appellant, *pro se.*

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

Pᴇʀ Cᴜʀɪᴀᴍ. A judgment and commitment order entered May 7, 2000, reflects that appellant Ricky Lee Brown entered a guilty plea to first-degree murder and was sentenced to 720 months' imprisonment in the Arkansas Department of Correction. On August 30, 2005, appellant filed in the trial court a *pro se* petition requesting scientific testing under Act 1780 of the 2001 Acts of Arkansas, codified as Ark. Code Ann. §§ 16-112-201 – 16-112-207 (Repl. 2006). The petition was denied by order entered September 6, 2005. On September 13, 2005, appellant filed a motion for reconsideration of that order, which was denied by order entered September 14, 2005. Appellant now brings this appeal of the order denying his motion for reconsideration.

Appellant's arguments in his brief are so poorly written that they are difficult to follow, and, in fact, are largely incoherent at times. He appears to attempt only to argue that the September 6, 2005, order denying his motion for testing was in error, rather than asserting any error regarding the September 14, 2005, order denying reconsideration. In any case, it is clear that the trial court did not err either in denying appellant's motion for reconsideration or in denying the petition for relief under Act 1780, because appellant's petition failed to meet the jurisdictional requirements of the act. Appellant filed his petition more than five years after the judgment and commitment order was entered, yet he failed to make any showing to rebut the presumption that his petition was not timely filed under section 16-112-202(10)(B).[1]

Section 16-112-202(10)(B) establishes a rebuttable presumption that a petition is untimely unless it is filed within thirty-six months of the conviction. In order to overcome the

---

[1] Act 1780 of the 2001 Acts of Arkansas was amended by Act 2250 of 2005. As revised, the act provides in section 16-112-202(10) that a motion for relief may be made only if timely.

presumption, a petitioner must establish, in the petition, one of the grounds listed in section 16-112-202(10)(B). *Douthitt v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006). Under the Act, a petitioner may establish that his petition is timely through a showing that incompetence substantially contributed to the delay, that the evidence to be tested is newly discovered, or that a new method of technology that is substantially more probative than prior testing is available. A petitioner can rebut the presumption through other good cause, but may not do so solely through an assertion of his innocence and that denial would result in manifest injustice. *See id.*

Appellant requested testing only on evidence that was available at the time of his trial. He does not assert that any new method of testing is available. Although petitioner later attempted to raise issues related to his competence to enter the plea, the petition does not allege incompetence contributed to the delay. In fact, appellant did not address or acknowledge the delay in his petition, at all, and stated no cause or explanation for the delay, whatsoever.

The trial court cannot consider a petition for relief under Act 1780, as revised, if that petition is filed outside of the thirty-six month period and fails to state one of the enumerated grounds to establish timeliness. Because the trial court did not have jurisdiction to consider the merits of the petition, it did not err in denying the petition or appellant's motion for reconsideration.

Affirmed.