2010 Ark. 181

**Richard Leon STRONG, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–88.**

Supreme Court of Arkansas.

April 15, 2010.

Jeffrey Marx Rosenzweig, Little Rock, AR, for appellant.

Eileen W. Harrison, Office of Atty. Gen., Little Rock, AR, for appellee.

PER CURIAM.

Richard Leon Strong was found guilty by a jury of two counts of rape,[1] and he was sentenced to life imprisonment in the Arkansas Department of Correction on each count, with the sentences to run consecutively. We affirmed. *Strong v. State,* 372 Ark. 404, 277 S.W.3d 159 (2008). Appellant filed a motion to vacate judgment pursuant to Arkansas Act 1780 of 2001, which was denied by the trial court in an order entered October 16, 2009. Appellant timely filed an appeal from that order. Appellant subsequently filed the motions for access to the record and for appointment of counsel that are now before us.

Because we determine that the allegations in the petition are such that it is clear that appellant cannot prevail, we dismiss the appeal, and appellant's motions are moot. An appeal from an order that denied a petition for postconviction relief, including an appeal from an order denying a petition for writ of habeas corpus based on new scientific evidence, will not be permitted to go forward where it is

1. Appellant was convicted of two counts of rape against the same victim. *Strong v. State,* 372 Ark. 404, 406, 277 S.W.3d 159, 162 (2008).

clear that the appellant could not prevail. *Douthitt v. State,* 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam); *see Pierce v. State,* 2009 Ark. 606, 2009 WL 4405790 (per curiam); *Grissom v. State,* 2009 Ark. 557, 2009 WL 3681389 (per curiam); *Lukach v. State,* 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam); *Pardue v. State,* 338 Ark. 606, 999 S.W.2d 198 (1999) (per curiam); *Seaton v. State,* 324 Ark. 236, 920 S.W.2d 13 (1996) (per curiam).

Appellant asserted the following in his motion to vacate judgment under Act 1780 of 2001, codified at Arkansas Code Annotated §§ 16–112–201 to –208 (Repl.2006): a request for further DNA testing of a sock and a bed sheet, a request for scientific comparison of fibers allegedly found at the crime scene, a claim of prosecutorial misconduct based on appellant's allegation that the State hid evidence regarding the ownership of the sock in question, claims of due process and equal protection violations, a claim that the trial court abused its discretion,[2] and a general claim that the evidence used to convict appellant was insufficient. Inasmuch as appellant's identity was never at issue as required by the statute, appellant's petition fails to satisfy a predicate requirement, and it warrants no relief.

Act 1780 of 2001 provides that a writ of habeas corpus can issue based upon new scientific evidence proving a person actually innocent of the offense for which he was convicted. *Douthitt,* 366 Ark. at 580, 237 S.W.3d at 77; Ark.Code Ann. § 16–112–103(a)(1) (Repl.2006); Ark.Code Ann. § 16–112–201. We have held that DNA testing of evidence is authorized under this statute if testing or retesting can provide materially relevant evidence that will significantly advance the defendant's claim of innocence in light of all the evidence presented to the jury. *Johnson v. State,*

356 Ark. 534, 546, 157 S.W.3d 151, 161 (2004). Evidence does not have to completely exonerate the defendant in order to be "materially relevant," but it must tend to significantly advance his claim of innocence. *Id.* at 546–47, 157 S.W.3d at 161 (internal citation omitted). However, Act 1780 of 2001 was amended by Arkansas Act 2250 of 2005, and, as revised, there are a number of predicate requirements that must be met before a circuit court can order that testing be done. *Douthitt,* 366 Ark. at 580, 237 S.W.3d at 77; Ark.Code Ann. §§ 16–112–201 to –203. Appellant's petition fails to satisfy these.

## A. *DNA testing or retesting of evidence*

Appellant's petition referenced a number of common DNA tests that he requested to have performed on the evidence. Specifically, appellant sought to have the DNA found on the sock retested to determine if it matched appellant's DNA, and he sought to have the bed sheet retested to determine if it contained any DNA whatsoever. Appellant failed, however, to satisfy the predicate requirement that the petitioner's identity has been at issue during either the investigation or prosecution of the crime. Ark.Code Ann. § 16–112–202(7).

As we noted in appellant's direct appeal, the fifteen-year-old victim in this case, K.M., grew up in the home of appellant and his wife after she was left in their care by her biological mother. *Strong,* 372 Ark. at 406, 277 S.W.3d at 162. K.M. lived with appellant and his wife from the time that she was an infant, and, though they never adopted her, K.M. considered appellant and his wife to be her parents. *Id.* Accompanied by appellant's three biological daughters and appellant's mother, K.M. went to the Paragould Police Department

---

**2.** Appellant did not actually explain in what way the trial court abused its discretion.

and reported two specific instances on which appellant had raped her. *Id.* at 407, 277 S.W.3d at 162. The first was six days earlier, when appellant had taken her to the Sunset Motel in Paragould. *Id.* The date and appellant's identity as the person who rented the room were verified at trial by the owner of the motel. *Id.*

The second rape occurred in appellant's mother's apartment three days after the first incident, and it was following this rape that appellant had cleaned himself with the sock, according to K.M. *Id.* at 407–08, 277 S.W.3d at 163. At trial, a DNA analyst from the Arkansas State Crime Laboratory testified that, within all scientific certainty, a DNA sample given by appellant matched DNA taken from semen found on both a sock that appellant allegedly used to clean himself after raping the victim as well as on a pair of underwear worn by K.M. that evening. *Id.* at 408–10, 277 S.W.3d at 163–64. The expert further testified that epithelial cells from the victim were found on the sock, but that no semen was found on the sheet taken from the bed at the crime scene. *Id.* In appellant's direct appeal, we held that this scientific evidence corroborated the testimony of the victim.[3] *Id.* at 409–10, 277 S.W.3d at 164.

Clearly, it is essential to every case that the defendant be shown as the one who committed the crime. *Standridge v. State,* 357 Ark. 105, 113, 161 S.W.3d 815, 818 (2004). However, that connection can be inferred from all the facts and circumstances of the case. *Id.* Moreover, we have held that the clear identification of the defendant by the victim is sufficient to establish the defendant as the rapist. *See Bryant v. State,* 2010 Ark. 7, — S.W.3d —.

Regarding whether the identity of appellant was at issue during his trial, we note that there is a subtle, but important, distinction between allegations of rape when the attacker is someone the victim knows and when the attacker is unknown to the victim at the time. In the former situation, the questions of whether the victim was raped and whether the defendant was the rapist are inextricably intertwined, such that answering one in the affirmative requires answering the other in the affirmative. *See generally Bryant,* 2010 Ark. 7, at 8–9, — S.W.3d at —. In such a case, the defendant's identity is not "at issue" for purposes of a petition under Act 1780 because the defendant was the only possible rapist, and the question was whether he committed the crime. If he did not, then no crime was committed.

Conversely, in the latter situation, where the attacker is unknown to the victim, the questions of whether the victim was raped and whether the defendant was the rapist are not linked because it is possible that someone other than the defendant committed the crime. Thus, the evidence at trial could establish beyond a reasonable doubt that the victim was raped, but the defendant could nevertheless be acquitted due to a failure to establish the rapist's identity beyond a reasonable doubt. It is only in this second scenario that the defendant's identity was "at issue" within the meaning of Act 1780.

The instant case is of the former type, where the attacker's identity was known at the time of the alleged rape, as K.M. did not allege generally that she was raped, but specifically that she was raped by appellant. *Strong,* 372 Ark. at 406–07, 277 S.W.3d at 162. K.M. said that appellant

---

3. We noted, however, that no corroboration was needed to sustain a conviction for rape. *Strong,* 372 Ark. at 409–10, 277 S.W.3d at 164

(citing *Pinder v. State,* 357 Ark. 275, 166 S.W.3d 49 (2004)).

raped her at the Sunset Motel; the owner of the motel confirmed that appellant had rented a room. *Id.* K.M. said that appellant had cleaned himself with a sock; the crime lab verified that appellant's semen was found on that sock. *Id.* at 408, 277 S.W.3d at 163. Thus, both K.M.'s allegations as well as the corroborating testimony clearly identified appellant as the only possible rapist, and any defense to the charge would have to focus on creating reasonable doubt that K.M. was actually raped. That issue is one of the victim's credibility, not of identity of the attacker. This court defers to the trial court on issues of witness credibility. *See, e.g., Rounsaville v. State,* 374 Ark. 356, 288 S.W.3d 213 (2008); *MacKool v. State,* 365 Ark. 416, 231 S.W.3d 676 (2006).

### B. *Scientific Comparison of Fibers Found at the Crime Scene*

■ As an additional basis for relief under Act 1780, appellant requested that certain unspecified fibers found at the crime scene be "compared with samples had from (clothing, carpet, etc.) from any crime scene, or suspect." Appellant argued that he might be able to "make use" of the results of such testing to establish his actual innocence. A petition for this type of scientific testing is governed by the same statute as a request for DNA testing, and that statute imposes the same predicate requirements on all petitions thereunder. Again, appellant has failed to establish the predicate requirement that his identity was at issue during the investigation of the alleged rapes or at his trial. Appellant therefore fails to satisfy the predicate requirements under Arkansas Code Annotated § 16–112–202(7); *see Douthitt,* 366 Ark. at 580, 237 S.W.3d at 77. Based on this failure, appellant's request for comparison of fibers found at the crime scene failed to warrant relief under Act 1780.

### C. *Non-cognizable Claims Under Act 1780*

The remainder of appellant's petition asserted a number of claims that are not cognizable under Act 1780, including a claim of prosecutorial misconduct based on appellant's allegation that the State hid evidence regarding the ownership of the socks in question, claims of due process and equal protection violations, a claim that the trial court abused its discretion, and a general claim that the evidence used to convict appellant was insufficient. All of these claims should have been raised on direct appeal, in a petition for postconviction relief, or in a petition for writ of error coram nobis. An Act 1780 petition is limited to issues of scientific testing. *See Davis v. State,* 366 Ark. 401, 235 S.W.3d 902 (2006); *see generally* Ark.Code Ann. §§ 16–112–201 to –202. Act 1780 does not provide a substitute for proceeding under Arkansas Rule of Criminal Procedure 37.1 (2009), and the Act does not provide a substitute for a petition for writ of error coram nobis. *Graham v. State,* 358 Ark. 296, 188 S.W.3d 893 (2004).

### D. *Conclusion*

The record clearly shows that appellant was not entitled to relief under Act 1780. As such, he could not prevail if his appeal were to proceed, and we dismiss the appeal accordingly. His motions for access to the record and for appointment of counsel are moot.

Appeal dismissed; motions moot.