

# SUPREME COURT OF ARKANSAS

No. CV-11-249

|  |  |  |
|---|---|---|
| RICHARD STRONG | | Opinion Delivered October 3, 2013 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT, 39CV-10-162, HON. OLLY NEAL, JUDGE |
| V. | | |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | |
| | APPELLEE | AFFIRMED. |

## PER CURIAM

A jury in the Greene County Circuit Court found appellant Richard Strong guilty of two counts of rape, and he was sentenced to serve two consecutive life sentences. We affirmed. *Strong v. State*, 372 Ark. 404, 277 S.W.3d 159 (2008). Subsequently, appellant filed a motion to vacate judgment pursuant to Arkansas Act 1780 of 2001, which was denied by the trial court. Appellant appealed the ruling to this court and filed motions for access to the record and for appointment of counsel. Determining that the allegations in appellant's motion were such that it was clear that he could not prevail, we dismissed the appeal and held that the motions were moot. *Strong v. State*, 2010 Ark. 181, 372 S.W.3d 758 (per curiam).

In 2010, appellant, who was incarcerated in Lee County, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court, and the circuit court dismissed the petition without a hearing.[1] In the petition, appellant alleged that he is entitled to habeas relief based on a number of grounds, and he provided examples and citation to authority. On appeal, appellant summarily states that he is entitled to habeas relief based on violations of due process, ineffective

---

[1]At the time of this decision, appellant remains incarcerated in Lee County.

assistance of counsel, his actual innocence, prosecutorial misconduct, and the trial court's abuse of discretion in making rulings adverse to his defense. He also contends that the circuit court erred when it failed to hold an evidentiary hearing or issue sufficient written findings.[2] We find no error and affirm the order.

A writ of habeas corpus is only proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence must plead either the facial invalidity or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam).

As an initial matter, appellant argues that he was prejudiced because the circuit court did not hold a hearing on the petition. However, we have noted that while our statutory habeas-corpus scheme contemplates a hearing in the event the writ is issued, we find there is no requirement that a hearing be given a petitioner regardless of the content of the petition. *Bradford v. State*, 2011 Ark. 494 (per curiam); *Mackey v. Lockhart*, 307 Ark. 321, 323, 819 S.W.2d

---

[2]All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).

702, 704 (1991) (quoting *George v. State*, 285 Ark. 84, 685 S.W.2d 141 (1985)). A hearing is not required on a habeas petition, even where the petition alleges an otherwise cognizable ground, when probable cause for the issuance of the writ is not shown by affidavit or other evidence. *Evans v. State*, 2010 Ark. 234 (per curiam). As shown in our discussion below, appellant failed to demonstrate probable cause for the issuance of the writ; therefore, the circuit court did not err by not conducting a hearing.

Appellant also contends that the circuit court failed to make written findings to support its decision. Our statutes relating to habeas-corpus proceedings that are not filed under Act 1780 contain no requirement of written findings. *Bradford*, 2011 Ark. 494 (citing Ark. Code Ann. §§ 16-112-101 to -123). Accordingly, to the extent that the circuit court did not make the extensive written findings that appellant desired, it committed no error. Further, while appellant seems to claim that the circuit court did not address his claim that the judgment was facially invalid, the circuit court's order clearly states that appellant failed to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face.

To the extent that appellant intended at least some of his arguments on appeal to reiterate claims raised in his appeal of the denial of his motion to vacate judgment, we have already held that the previously raised claims, other than those involving scientific testing, should have been raised on direct appeal, in a petition for postconviction relief, or in a petition or writ of error coram nobis. *Strong*, 2010 Ark. 181, 372 S.W.3d 758. The law-of-the-case doctrine dictates that an issue raised and concluded in a prior appellate decision may not be revisited in a subsequent appeal, as the matter becomes res judicata. *Kelly v. Norris*, 2013 Ark. 90 (per curiam). If the

3

merits of the claim were addressed, and the claim was adjudicated, resolution of that issue is settled. *Id.* Moreover, while appellant's argument contains repeated references to the record and strings of citations, his claims on appeal are conclusory. A purely conclusory allegation with no facts to establish the merit of the claim is not grounds for a writ of habeas corpus. *Washington v. Norris*, 2010 Ark. 104 (per curiam).

To the extent that appellant has stated reviewable claims, his arguments are without merit. A claim of actual innocence, including a claim that the evidence was insufficient to sustain the judgment of conviction, does not question the jurisdiction of the court or the facial validity of the judgment-and-commitment order.[3] *Hooper v. Hobbs*, 2013 Ark. 31 (per curiam). Likewise, appellant's claims of ineffective assistance of counsel, prosecutorial misconduct, and other trial errors are not cognizable claims for habeas relief. Assertions of trial error, such as allegations of prosecutorial or judicial misconduct and due-process violations, do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Murphy v. State*, 2013 Ark. 155 (per curiam). With respect to appellant's contention that he was denied effective assistance of counsel, this court has consistently held that allegations of ineffective assistance of counsel are not cognizable in a habeas proceeding. *Hooper*, 2013 Ark. 31; *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam); *Robinson v. State*, 2012 Ark. 356 (per curiam); *Smith v. Hobbs*, 2012 Ark. 360 (per curiam); *Hill v. State*, 2012 Ark. 309 (per curiam); *McConaughy v. Lockhart*, 310 Ark. 686, 840

---

[3]Additionally, a petitioner who seeks a writ of habeas corpus and alleges actual innocence must do so in accordance with Act 1780 of 2001 Acts of Arkansas, codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). Ark. Code Ann. § 16-112-103(a)(2) (Repl. 2006). Appellant did not allege any new scientific evidence proving him innocent, as required to invoke Act 1780.

S.W.2d 166 (1992).

Because appellant has failed to show that the judgment of conviction was invalid on its face or that the trial court lacked jurisdiction, the circuit court properly determined that the writ should not issue. Thus, we affirm the dismissal of appellant's petition.

Affirmed.

*Richard Strong*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.