
# SUPREME COURT OF ARKANSAS

No. CR–13–312

| | |
|---|---|
| ALLEN LYNN PENN<br>PETITIONER<br><br>v.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** October 10, 2013<br><br>PRO SE MOTION FOR RULE ON CLERK OR, IN THE ALTERNATIVE, MOTION FOR BELATED APPEAL AND PRO SE AMENDMENT TO MOTION FOR RULE ON CLERK OR, IN THE ALTERNATIVE, MOTION FOR BELATED APPEAL [PULASKI COUNTY CIRCUIT COURT, 60CR-83-441, HON. LEON JOHNSON, JUDGE]<br><br>MOTION DENIED. |

**PER CURIAM**

In 1983, petitioner Allen Lynn Penn was found guilty of capital murder and sentenced to life imprisonment without parole on charges related to the robbery of a service station and convenience store during which the store clerk was shot and killed. He appealed to this court. Prior to our decision on appeal, petitioner filed a petition for writ of error coram nobis based on a confession to the crime made by an inmate at the Arkansas Department of Correction. We granted the petition and reinvested jurisdiction in the trial court to determine whether a writ was in order. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984). The prisoner refused to testify at the hearing, and the trial court held that petitioner was not entitled to a new trial. Petitioner did not appeal that decision, and we affirmed the judgment of conviction in *Penn v. State*, 284 Ark. 234, 681 S.W.2d 307 (1984).

In 2004, petitioner filed a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -207 (Supp. 2003), in which he requested DNA testing of blood samples that he claimed had been collected from the crime scene. The trial court denied the petition. While petitioner's appeal from the order was pending, petitioner filed a petition requesting that this court reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. In the petition for writ of error coram nobis, petitioner asserted a violation of his right to due process based on his contention that the police withheld and then destroyed these same blood samples. We denied the petition because the issues raised in petitioner's request were addressed in his trial. *Penn v. State*, CR–84–43 (Ark. Oct. 20, 2005) (unpublished per curiam). We subsequently affirmed the trial court's denial of habeas relief on the basis that petitioner failed to establish that a blood sample existed to be tested. *Penn v. State*, CR–05–942 (Ark. Oct. 5, 2006) (unpublished per curiam).

On April 27, 2012, petitioner again filed in the trial court a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005, seeking the use of the Automated Fingerprint Identification System (AFIS), a database allowing the submission of fingerprints for comparison with a large number of prints. Appellant sought the use of AFIS to compare prints lifted from the crime scene to the prints of three individuals that he argues may have committed the crime for which he was convicted. Petitioner also sought an evidentiary hearing. On May 31, 2012, the trial court denied the petition on the basis that petitioner could have included the claim in the petition filed in 2004. On June 21,

SLIP OPINION



2012, petitioner filed a motion styled, "Motion for Reconsideration of Order Denying Petitioner's Writ of Habeas Corpus Pursuant to Act 1780 of 2001; A.C.A. § 16–112–202 Or In the Alternative, Notice of Intent to Appeal Same Order to Arkansas Supreme Court," in which he restated his previously raised arguments and further contended that he could not have sought fingerprint testing in his 2004 petition for habeas relief because he did not have access to the fingerprint cards at that time. In the motion, petitioner also stated that if the motion was not granted, he was requesting, in the alternative, that the trial court accept his notice of appeal and order the circuit clerk to prepare the record and forward it to this court. On September 10, 2012, the trial court denied the motion for reconsideration based on its finding that testing did not satisfy the requirements of Arkansas Code Annotated section 16–112–202(3) and (8). Specifically, the trial court found that when the jury found petitioner guilty, it was aware that the fingerprints lifted from the scene were not his such that reexamination of the fingerprints would not raise a reasonable probability that he did not commit the offense. The trial court further found that any advancements in fingerprint technology could not provide new evidence to support petitioner's claim of innocence because his trial counsel addressed the issue of fingerprint evidence at trial and elicited testimony from law-enforcement witnesses that the fingerprints obtained from the scene did not match petitioner's prints. Finally, the trial court found that petitioner failed to rebut the presumption against timeliness pursuant to Arkansas Code Annotated section 16–112–

202(10).[1]  Petitioner then filed a notice of appeal on December 14, 2012.  The record on appeal was tendered to this court on March 4, 2013.  Our clerk declined to lodge the tendered record because the notice of appeal was not timely filed.  Now before us is petitioner's motion for rule on clerk or, in the alternative, motion for belated appeal and amendment to the motion in which he asks this court to order the clerk to lodge the record.

We need not consider petitioner's motion because it is clear that the habeas petition and motion for reconsideration were wholly without merit.  An appeal from an order that denied a petition for postconviction relief, including a petition under Act 1780 of 2001, will not be allowed to proceed where it is clear that an appellant could not prevail.  *Cooper v. State*, 2013 Ark. 180 (per curiam); *Fields v. State*, 2013 Ark. 154 (per curiam); *King v. State*, 2013 Ark. 133 (per curiam); *Foster v. State*, 2013 Ark. 61 (per curiam).  The generally applicable standard of review of an order denying postconviction relief dictates that this court does not reverse unless the trial court's findings are clearly erroneous.  *King*, 2013 Ark. 133; *Cooper v. State*, 2012 Ark. 123 (per curiam).  A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed.  *King*, 2013 Ark. 133; *Cooper*, 2012 Ark. 123.

Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code

---

[1] It is petitioner's obligation to obtain a ruling with respect to any arguments raised below in order to preserve those issues for our review.  *Pitts v. State*, 2011 Ark. 322 (per curiam).  Accordingly, we decline to address any issues raised by petitioner that were not ruled on by the trial court.

SLIP OPINION

Annotated sections 16-112-201 to -208 (Repl. 2006), in effect on the date that petitioner filed his petition, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Garner v. State*, 2012 Ark. 271 (per curiam) (citing *Strong v. State*, 2010 Ark. 181, 372 S.W.3d 758 (per curiam)). Before a circuit court can order testing under this statute, however, there are a number of predicate requirements that must be met. *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Douthitt v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam); *see* Ark. Code Ann. §§ 16-112-201 to -203.

One of these requirements is that if the specific evidence was previously subjected to testing, the petitioner must request testing that uses a new method or technology that is substantially more probative than prior testing. Ark. Code Ann. § 16-112-202(3). Also, the Act requires that the proposed testing of the specific evidence may produce new material evidence that would both support the theory of defense presented at trial and raise a reasonable probability that the person making a motion under this section did not commit the offense. Ark. Code Ann. § 16-112-202(8). Finally, the motion seeking testing must be made in a timely fashion subject to certain conditions. Ark. Code Ann. § 16-112-202(10).

At trial, the investigating officer testified that good and partial prints were lifted from the crime scene and sent to the Arkansas State Crime Laboratory for comparison with the prints of petitioner and other individuals suspected by law enforcement prior to trial. He further testified that none of these lifted prints matched the prints of either petitioner or other

SLIP OPINION

suspects. Contending that AFIS is a new method or technology that is substantially more probative than the fingerprint testing done at the time of his trial, petitioner summarily stated in his petition that AFIS constitutes new technology that has the potential to enhance partial and smudged prints and make comparisons to prints in its database. However, petitioner failed to demonstrate how comparing the collected and previously tested fingerprints against the AFIS database constitutes a new method or technology or that its use is substantially more probative than prior testing. Testing must yield fresh evidence that petitioner did not commit the offense. Utilizing AFIS would only result in a comparison of any latent fingerprints found at the scene to a wider database of suspects for identification purposes. The system allows the fingerprint examiner to then use the computer to select a small number of potential matches, which can then be examined manually to determine whether a match does exist. As the fingerprints found at the scene were collected and previously sent for identification, the requirement of section 16-112-202(3) cannot be met. To the extent that petitioner argued that new testing methods or technologies are available, he did not provide any evidence to demonstrate that the technology was substantially more probative than testing that was available at the time of his trial.

Petitioner also failed to meet the requirement of section 16-112-202(8). The utilization of AFIS would not produce new material evidence to support the theory of the defense presented at trial or raise a reasonable probability that petitioner did not commit the offense. Because AFIS is a database that allows the comparison of fingerprints to a large number of suspects, petitioner's argument that AFIS would produce new evidence based on

the comparison of the lifted prints to the prints of three individuals must fail. Prior to finding petitioner guilty, the jury heard evidence that the fingerprints lifted from the scene were identified as not belonging to either petitioner or other suspects. Thus, expanding the database of prints for comparison would present no new issues for the jury's consideration.

Dismissal of the petition is also proper because it was not timely filed. A petitioner who files a petition more than thirty-six months after the entry of the judgment of conviction must rebut a presumption that his petition is untimely. Ark. Code Ann. § 16-112-202(10)(B). This presumption against timeliness may be rebutted by showing that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; that the evidence to be tested is newly discovered; that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or for other good cause. *Id*.

Petitioner filed his petition almost twenty-nine years after the judgment of conviction had been entered against him. In his petition for habeas relief, petitioner attempted to rebut the presumption against timeliness by contending that AFIS is a new testing method that is substantially more probative than the fingerprint testing done at the time of his trial. However, as held herein, petitioner failed to demonstrate that utilizing AFIS constitutes a new method of technology that is substantially more probative than prior testing.

Finally, petitioner contended that he is entitled to a hearing on his habeas petition because the files and record in his case fail to conclusively show that no relief is warranted, and

he raised a number of issues that he urged could be addressed if a hearing was held.[2] Arkansas Code Annotated section 16-112-205(a) provides that the court is not required to hold an evidentiary hearing if the petition, files, and records conclusively show that the petitioner is entitled to no relief. It is clear from the petition and motion for reconsideration as well as the trial court's orders that petitioner failed to rebut the presumption against timeliness pursuant to Arkansas Code Annotated section 16-112-202(10)(B). Further, he failed to satisfy the requirements of section 16-112-202(3) & (8). The trial court's decision to deny the requested relief without a hearing was not clearly erroneous. Petitioner could not prevail if his appeal was allowed to proceed, and his motion is accordingly denied.

Motion denied.

---

[2]In support of his claim that he is entitled to an evidentiary hearing, petitioner cites *Rucker v. State*, CR-02-145 (Ark. June 10, 2004) (unpublished per curiam), in which this court, considering the appeal of the denial of a habeas petition on a claim of actual innocence pursuant to Act 1780 of 2001, held that appellant was entitled to an evidentiary hearing primarily to allow for the presentation of evidence on the technology and capabilities of AFIS to determine if it involved testing that would satisfy the requirements of Act 1780. However, since our decision in Act 1780 of 2001 has been amended by Act 2250 of 2005, which sets out a number of additional requirements that must be met before a trial court can order scientific testing pursuant to the Act. Because these requirements were not at issue in *Rucker*, CR-02-145, our holding in the case does not support petitioner's argument.