

Cite as 2013 Ark. 421

# SUPREME COURT OF ARKANSAS

No. CR–13–509

|  |  |
|---|---|
| KENNETH LAMAR TURNER<br>  APPELLANT<br><br>v.<br><br>STATE OF ARKANSAS<br>  APPELLEE | **Opinion Delivered**  October 24, 2013<br><br>PRO SE MOTION TO APPOINT COUNSEL [PULASKI COUNTY CIRCUIT COURT, 60CR-98-653, HON. LEON JOHNSON, JUDGE]<br><br>APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 1998, appellant Kenneth Lamar Turner was found guilty by a jury in the Pulaski County Circuit Court of aggravated robbery and theft of property. He was sentenced to an aggregate term of sixty-five years' imprisonment. The Arkansas Court of Appeals affirmed. *Turner v. State*, CACR-99-428 (Ark. App. Mar. 15, 2000) (unpublished).

In 2010, appellant filed in the circuit court two pro se pleadings entitled "Motion to Grant Writ of Habeas Corpus–New Scientific Evidence" and "Petition for the Issuance of the Writ of Habeas Corpus; New Scientific Evidence" in which he requested scientific testing of a cap, a bandana, and strands of blonde hair that were found on the cap and bandana.[1]

---

[1]Prior to trial, appellant filed a pro se motion to relieve his court-appointed attorney, and, after a lengthy colloquy with the trial judge during pretrial proceedings, the trial judge allowed appellant to proceed pro se at trial. During the course of trial, the State introduced a cap and bandana into evidence. Appellant requested permission to observe the two articles, and, upon observation, he found strands of blonde hair inside the cap and on the bandana. Appellant made the existence of the hairs and the fact that they could not be his hairs known to the judge and jury. Appellant also requested scientific testing of the hairs, which the trial judge denied.

Appellant subsequently filed a motion to amend his petition for writ of habeas corpus in which he sought scientific testing of a mocassin shoe and a pair of blue jeans to determine if the items contained hair or skin cells suitable for DNA testing.[2] The circuit court denied the petition, and appellant lodged this appeal. The matter has been fully briefed by appellant and the State.

Now before us is appellant's motion to appoint counsel. Because it is clear that appellant could not prevail on appeal, we dismiss the appeal, and the motion is therefore moot. An appeal from an order that denied a petition for postconviction relief, including a petition under Act 1780 of 2001, will not be permitted to go forward where it is clear that the appellant could not prevail. *Cooper v. State*, 2013 Ark. 180 (per curiam); *Fields v. State*, 2013 Ark. 154 (per curiam); *King v. State*, 2013 Ark. 133 (per curiam); *Foster v. State*, 2013 Ark. 61 (per curiam).

Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16–112–201 to –208 (Repl. 2006), in effect on the date that petitioner filed his petition, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code

---

[2]At trial, Donna Fugate, a clerk at the Exxon station that was robbed, testified that the assailant wore a white cap, a white sweatshirt, and a pink bandana around the lower portion of his face. Sherri Kinsey, manager of a nearby Waffle House, testified that, as she was leaving work, Fugate pointed to an individual running across the parking lot and stated that he had robbed her. Kinsey further testified that she observed the assailant get into a vehicle and that she followed the vehicle. During the pursuit, Kinsey testified, she observed the passenger of the vehicle throw items of clothing from the vehicle. During the investigation of the crime, police officers recovered a white cap, a pink bandana, a sweatshirt, jeans, and a mocassin shoe on the side of the road along the route that the assailant's car had taken.

Ann. § 16-112-201; *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Garner v. State*, 2012 Ark. 271 (per curiam) (citing *Strong v. State*, 2010 Ark. 181, 372 S.W.3d 758 (per curiam)).  Before a circuit court can order testing under this statute, however, there are a number of predicate requirements that must be met.  *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Douthitt v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam); *see* Ark. Code Ann. §§ 16-112-201 to -203.

One of these predicate requirements is that the petition must be filed in a timely fashion.  Ark. Code Ann. § 16-112-202(10).  The statute was amended in 2005 to include a rebuttable presumption against timeliness for any petition filed more than thirty-six months after the entry of the judgment of conviction.  Ark. Code Ann. § 16-112-202(10)(B).  This presumption against timeliness may be rebutted by showing that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; that the evidence to be tested is newly discovered; that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or for other good cause.  Ark. Code Ann. § 16-112-202(10)(B)(i)–(v).

In its order denying appellant's petition, the circuit court found the petition to be untimely and further found that the evidence of which appellant requested testing was available at the time of appellant's trial.  Appellant filed his petition in the circuit court nearly twelve years after the judgment-and-commitment order had been entered of record and

SLIP OPINION

approximately five years after section 16-112-202 had been amended to include the 36-month time limitation. In his petition, appellant attempted to rebut the presumption against timeliness by asserting that the evidence he sought to have tested was newly discovered.[3] However, the record reflects that appellant was aware of the evidence at the time of trial and that, although untimely, appellant requested testing of the blonde hairs found on the white cap and on the bandana during his trial. In fact, appellant referenced, in his petition, testimony from the trial concerning some of the items for which he sought scientific testing. Therefore, such evidence is not newly discovered for purposes of section 16-112-202(10)(B). Because appellant failed to rebut the presumption against timeliness, the circuit court did not err in denying appellant's petition on the ground that it was untimely filed.

The remainder of appellant's petition raised claims that are not cognizable in a petition for habeas corpus under Act 1780. In his petition, appellant attempted to revisit the merits of the case, challenged a witness's credibility, and further alleged prosecutorial misconduct, due-process violations, and ineffective assistance of counsel. None of these claims are cognizable in a petition under Act 1780. *See Mitchael v. State*, 2012 Ark. 256 (per curiam) (citing *Strong*, 2010 Ark. 181, 372 S.W.3d 758) (limiting petitions filed under Act 1780 to issues of scientific testing)).

In appeals of postconviction proceedings, we will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Pankau v. State*, 2013

---

[3]Appellant did not allege in his petition any other ground for rebutting the presumption against timeliness, i.e., incompetence, manifest injustice, new method of technology, or good cause. *See* Ark. Code Ann. § 16-112-202(10)(B)(i) & (iii)–(v).

Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* Because appellant failed to rebut the presumption against timeliness in Arkansas Code Annotated section 16-112-202(10), the circuit court could not have ordered DNA testing or any other scientific testing as appellant requested. Additionally, none of the other claims raised by appellant were grounds for relief under Act 1780. Accordingly, the circuit court's denial of appellant's petition was not clearly erroneous, and appellant could not prevail on appeal from the order.

Appeal dismissed; motion moot.

*Kenneth Lamar Turner*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

SLIP OPINION