

# SUPREME COURT OF ARKANSAS

**No.** CR-13-462

| | |
|---|---|
| TIMOTHY MACK CLEMMONS<br>    APPELLANT<br><br>v.<br><br>STATE OF ARKANSAS<br>    APPELLEE | **Opinion Delivered**    October 24, 2013<br><br>PRO SE MOTION FOR A STAY AND ABEYANCE PENDING OUTCOME OF MOTION FOR NEW TRIAL; PRO SE MOTION FOR COPIES OF LODGED RECORD; PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [PULASKI COUNTY CIRCUIT COURT, 60CR-07-1305, HON. WENDELL L. GRIFFEN, JUDGE]<br><br><br>APPEAL DISMISSED; MOTIONS MOOT. |

**PER CURIAM**

In 2009, appellant Timothy Mack Clemmons was found guilty of multiple counts of unlawful discharge of a firearm from a vehicle for firing shots from his vehicle at the home of his ex-girlfriend. He was sentenced to a total of 864 months' imprisonment, which included a term of 96 months imposed as a firearm enhancement. The Arkansas Court of Appeals affirmed. *Clemmons v. State*, 2010 Ark. App. 810.

In 2012, appellant filed a pro se petition for writ of habeas corpus in the trial court pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), in which he contended that he is actually innocent of the charges for which he was convicted. Appellant further argued that he was entitled to habeas relief because no firearm linking him to the crime was found, and the offenses for which he was convicted require proof that a firearm was readily accessible for use. He also

SLIP OPINION

argued that he was entitled to relief based on claims of ineffective assistance of counsel, insufficient evidence to support the finding of guilt, and violations of due process. The trial court denied the motion, and appellant lodged this appeal. Now before us are appellant's motions for stay, for copies of lodged records, and for extension of time to file brief.

We need not consider appellant's motions because it is clear that the habeas petition was wholly without merit. An appeal from an order that denied a petition for postconviction relief, including a petition under Act 1780 of 2001, will not be allowed to proceed where it is clear that an appellant could not prevail. *Cooper v. State*, 2013 Ark. 180 (per curiam); *Fields v. State*, 2013 Ark. 154 (per curiam); *King v. State*, 2013 Ark. 133 (per curiam); *Foster v. State*, 2013 Ark. 61 (per curiam).

The claims raised by appellant in his petition seeking relief under Act 1780 of 2001, as amended by Act 2250, are not cognizable under the Act. Pursuant to Act 1780, a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Garner v. State*, 2012 Ark. 271 (per curiam) (citing *Strong v. State*, 2010 Ark. 181, 372 S.W.3d 758 (per curiam)). Appellant's claims of a failure of proof because a gun was not recovered, insufficiency of the evidence, ineffective assistance of counsel, and a violation of due process are not grounds for a writ under the Act.[1] *See Mitchael v. State*, 2012 Ark. 256 (per curiam); *Strong*, 2010 Ark. 181, 372 S.W.3d 758. An Act 1780 petition is limited to issues based

---

[1] Although appellant summarily sought "testing of the weapon," he stated in the petition that the weapon was not recovered, and he failed to provide any explanation as to the type of testing that he was seeking.

on newly discovered scientific evidence. *Strong*, 2010 Ark. 181, 372 S.W.3d 758. Accordingly, the trial court correctly determined that the relief sought fell outside the statute's scope.[2] Because it is clear that appellant cannot prevail on appeal, we dismiss the appeal, and the motions are moot.

Appeal dismissed; motions moot.

*Timothy Mack Clemmons*, pro se appellant.

No response.

---

[2]Because the record conclusively shows that appellant is not entitled to habeas relief, the trial court was not required to hold an evidentiary hearing. *See* Ark. Code Ann. § 16-112-205(a); *King*, 2013 Ark. 133.