

# SUPREME COURT OF ARKANSAS

No. CV-12-273

| | |
|---|---|
| JIMMY BUMGARDNER<br><br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered February 20, 2014<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-11-771]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 2005, appellant Jimmy Bumgardner was found guilty by a jury of possession of methamphetamine with intent to deliver, possession of drug paraphernalia, and possession of pseudoephedrine. The trial court sentenced appellant as a habitual offender to consecutive terms of 720 months', 240 months', and 144 months' imprisonment, respectively. He was also fined a total of $15,000. The Arkansas Court of Appeals affirmed. *Bumgardner v. State*, CACR-05-963 (Ark. App. Jun. 14, 2006) (unpublished) (*Bumgardner I*). Thereafter, appellant filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2005), which was denied. This court affirmed the denial. *Bumgardner v. State*, CR-07-366 (Ark. Sept. 18, 2008) (unpublished per curiam) (*Bumgardner II*). Appellant then filed a pro se petition for writ of habeas corpus in the Circuit Court of Lincoln County, and the petition was denied. We dismissed the appeal on the basis that the Lincoln County Circuit Court no longer had personal jurisdiction over appellant because, after filing his petition, he had been transferred from the Varner Unit in Lincoln County to the Tucker Unit in Jefferson County. *Bumgardner v. Norris*,

SLIP OPINION

2011 Ark. 334 (per curiam) (*Bumgardner III*).

In 2011, appellant filed in the Jefferson County Circuit Court, the county in which he remains incarcerated, a second pro se petition for writ of habeas corpus. The circuit court denied the petition by written order, finding that the trial court had jurisdiction and the authority to render the judgment. The circuit court also noted that appellant had unsuccessfully argued the same issues raised in his habeas petition on direct appeal and in a Rule 37.1 petition. Appellant has lodged an appeal in this court. We affirm the circuit court order.

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under our statute, a petitioner who does not allege actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Darrough v. State*, 2013 Ark. 28 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

On appeal, appellant raises a number of arguments to support his contention that the trial court lacked jurisdiction and the authority to sentence him. He claims that after accepting the jury's recommendation that his sentence be served concurrently, the trial court, acting without jurisdiction or authority and in violation of his constitutional rights, held a "resentencing hearing" and modified his sentences to run consecutively. He also claims that the sentences

SLIP OPINION

were imposed consecutively by the trial court due to the court's "vindictiveness" stemming from its desire to punish him for receiving the benefit of executive clemency in a previous sentence.

While appellant attempts to characterize an in-court meeting between the trial court, counsel, and the prosecutor as a "resentencing hearing" when the trial court amended his sentence from the imposition of concurrent terms to consecutive terms, we rejected this contention in *Bumgardner II* and noted that the trial court stated specifically at the meeting that it had always been its intent to have the sentences run consecutively. Affirming the trial court's denial of appellant's petition for postconviction relief in *Bumgardner II*, we recounted the facts, as relevant to this appeal, as follows:

> At the conclusion of the sentencing phase of the jury trial, the trial court pronounced appellant's sentences in conformity with the jury's recommendation, including the provision that the sentences be served concurrently. The trial court did not enter the judgment at that time.
>
> A week after the jury trial, the court spoke to counsel on the record in the presence of the prosecutor. The court informed counsel that it would be entering a judgment in which the sentences would run consecutively rather than concurrently. The trial court noted that it had always intended to sentence appellant to consecutive terms but had inadvertently used the incorrect term from the bench at the close of the jury trial. In this conversation with trial counsel, the court set out the reasons it considered in support of consecutive sentences. At the end of the meeting, the court noted that it wanted to inform counsel so that the judgment would not "come as [a] surprise" to counsel and appellant.

*Bumgardner II*, CR-07-366, slip op. at 7-8..

On direct appeal, appellant challenged the imposition of the consecutive sentences on the basis that the judgment-and-commitment order did not reflect the trial court's ruling at trial, and the court of appeals held that the trial court was acting within its authority to impose the sentences consecutively. In its opinion, the court of appeals referred to the authority of the trial

3

court to order sentences to run consecutively and the requirement that judgment-and-commitment orders are effective upon entry of record. *Bumgardner I*, CACR-05-963, slip op. at 4. Thus, to the extent that appellant is raising the argument that he is entitled to habeas relief because the trial court did not have the authority or jurisdiction to impose the sentences consecutively, this claim is barred by the law-of-the-case doctrine. *See Pitts v. Hobbs*, 2013 Ark. 457 (per curiam); *Strong v. Hobbs*, 2013 Ark. 376 (per curiam) (explaining that, where the merits of a claim were addressed and adjudicated in a prior appellate decision, that issue is settled and may not be revisited in a subsequent appeal).

As to appellant's challenge to the consecutive sentences based on the violation of myriad constitutional rights, including the right to notice and an opportunity to be heard, the trial court's "vindictiveness" in sentencing him, and its consideration of inadmissible evidence in imposing the sentences, these arguments fail as they are based on appellant's erroneous characterization of the in-court meeting as a "resentencing hearing." In *Bumgardner II*, appellant argued that counsel was ineffective for failing to ensure that he was physically present during his sentencing hearing and for failing to object to the proceeding being held without appellant's attendance. Affirming the trial court's finding that counsel was not ineffective on these bases, we held that appellant failed to demonstrate that he was required to be physically present during the meeting or that what transpired was anything more than a meeting where the court made a correction to reflect its original intention to use the word "consecutively" rather than "concurrently." *Bumgardner II*, CR-07-366, slip op. at 8-9. The issue of whether the proceeding was tantamount to a sentencing hearing has been addressed and adjudicated in a prior appellate decision. Again,

the law-of-the-case doctrine dictates that an issue raised and concluded in a prior appellate decision may not be revisited in a subsequent appeal. *Strong*, 2013 Ark. 376. Thus, appellant's arguments, which rely on his characterization of what occurred as a hearing, cannot be considered. *See Pitts*, 2013 Ark. 457; *Strong*, 2013 Ark. 276.

Finally, appellant seems to contend that error occurred because the trial court did not allow him jail-time credit for the eight days that he served in jail on each of his three "concurrent sentences" between the trial court's pronouncement from the bench that the sentences were imposed to run concurrently and the imposition of the sentences consecutively. The judgment-and-commitment order reflects that appellant received a total of sixteen days of jail-time credit. While appellant attempts to characterize his claim as one based on a violation of his right to due process and the prohibition against double jeopardy, it is essentially a request for jail-time credit. A request for jail-time credit is a request for modification of a sentence imposed in an illegal manner, not an allegation of an illegal sentence, and as such must be raised in a proceeding pursuant to Arkansas Rule of Criminal Procedure 37.1. *Pineda v. Norris*, 2009 Ark. 471. An allegation that the judgment fails to reflect a jail-time credit is not a claim cognizable in a petition for writ of habeas corpus. *Id.*

Affirmed.

*Jimmy Bumgarner*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.