SLIP OPINION

# SUPREME COURT OF ARKANSAS

### No. CR-14-492

| | |
|---|---|
| ALBERT LEWIS, JR.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** May 14, 2015<br><br>PRO SE APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-08-600]<br><br>HONORABLE JOHN N. FOGLEMAN, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 2008, appellant Albert Lewis, Jr., was found guilty by a jury in the Crittenden County Circuit Court of kidnapping and rape. He was sentenced as a habitual offender to consecutive terms of 360 months' imprisonment for kidnapping and life imprisonment for rape. We affirmed. *Lewis v. State*, 2010 Ark. 209. Appellant subsequently filed a petition for postconviction relief in the circuit court pursuant to Arkansas Rule of Criminal Procedure 37.1 (2008), and, by per curiam order entered January 27, 2011, we ultimately dismissed the appeal from the circuit court's order denying Rule 37.1 relief. *Lewis v. State*, CR-10-1172 (Ark. Jan. 27, 2011).

In 2014, appellant filed in the circuit court a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006).[1] In the petition, appellant sought scientific

---

[1] While the title of the habeas petition filed below indicates that it was filed pursuant to Arkansas Code Annotated section 16-112-102 to -123, the body of the petition invokes Act

testing of a jacket, two pairs of men's underwear, couch pillows, and two knives that he contends were found at the scene of the crime. The results of testing said items, he contended, would establish his actual innocence. He further averred that evidence of his DNA was never found at the scene of the crime. The circuit court denied the petition on the ground that appellant failed to present any new scientific evidence, and appellant timely lodged an appeal from the order in this court.

In appeals of postconviction proceedings, we will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Any argument regarding the only issue that we may review has been abandoned by appellant on appeal. *Waller v. Banks*, 2013 Ark. 399 (per curiam) ("All arguments made below but not raised on appeal are abandoned."). In his brief-in-chief, appellant fails to set forth any allegations of error against the circuit court in denying habeas relief. Rather, appellant's argument on appeal consists mostly of a summary of the testimony presented at his trial and also raises claims of trial error and ineffective assistance of trial counsel. The arguments now raised on appeal by appellant were not raised in the petition below; therefore, they not preserved for

---

1780, and the petition was filed, in accordance with section 16-112-203(c)(2), in the circuit court in which appellant's judgment of conviction was entered. Thus, the petition was properly treated as one seeking scientific testing of certain evidence pursuant to Act 1780. *See Mhoon v. State*, 369 Ark. 134, 251 S.W.3d 244 (2007) ("[C]ourts should not be guided blindly by titles but should look to the substance of motions to ascertain what they seek.").

SLIP OPINION

appellate review. Allegations raised for the first time on appeal could not have been considered by the lower court and will not be addressed by this court. *Green v. State*, 2013 Ark. 455 (per curiam).

Moreover, claims of trial error and ineffective assistance of counsel are not cognizable in a petition filed under Act 1780. *Turner v. State*, 2013 Ark. 421 (per curiam). Petitions under the Act are limited to claims related to scientific testing of evidence. *Slocum v. State*, 2013 Ark. 406 (per curiam). The Act does not provide an opportunity to raise issues outside the purview of the Act, and it is not a substitute for pursuing other remedies that may be available to the convicted defendant to address errors of constitutional dimension. *Barton v. State*, 2014 Ark. 418 (per curiam).

Because appellant has failed to demonstrate any error in the circuit court's denial of his Act 1780 petition, we affirm.

Affirmed.