SLIP OPINION

Cite as 2014 Ark. 322

# SUPREME COURT OF ARKANSAS

No. CR-13-131

| | |
|---|---|
| VINCENT JAMES HUSSEY<br>APPELLANT | Opinion Delivered July 31, 2014 |
| V. | PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT<br>[NO. 22CR-96-34] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE SAM POPE, JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

In 1996, appellant Vincent James Hussey was convicted by a jury in the Drew County Circuit Court of capital murder and aggravated robbery and was sentenced to life imprisonment without parole. We affirmed. *Hussey v. State*, 332 Ark. 552, 966 S.W.2d 261 (1998).

In 2012, sixteen years after the judgment had been entered, appellant filed in the trial court a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). In the petition, appellant asserted that he was actually innocent of the murder and sought DNA testing of blood on a red shirt. The petition was denied, and appellant filed a motion for reconsideration that was also denied. He now brings this appeal. We find no error and affirm.

Appellant and Derrick Harris were charged with shooting to death Jimmy Gathings, a used-car dealer. Appellant was identified at trial as one of two men who ran from Gathings's office immediately after the shots had been fired. There was eyewitness testimony that the second man out of Gathings's office was wearing a brown or tan flannel shirt with a red shirt

underneath and a blue or black toboggan on his head—the same clothing appellant had been wearing on the day Gathings was murdered. A serologist testified that the red shirt had blood stains matching Gathings's blood type.

In this appeal, appellant asserts that the trial court erred in denying his petition on the grounds that DNA testing would prove that the blood on the red shirt was Harris's blood from a cut on Harris's hand and that the identification of appellant as the second man running from the building was wrong. For the first time in this appeal, he argues that he was not afforded DNA testing of the blood evidence at trial because his attorney was ineffective and contends that counsel's failure to obtain DNA testing excuses the delay in bringing the request for the testing.

In appeals of postconviction proceedings, we will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Biggs v. State*, 2014 Ark. 114 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* Arkansas Code Annotated section 16-112-205(a) provides that the court is not required to hold an evidentiary hearing if the petition, files, and records conclusively show that the petitioner is entitled to no relief. Because it is clear from the petition as well as the order denying relief that appellant failed to rebut the presumption against timeliness pursuant to Arkansas Code Annotated section 16-112-202(10)(B), we find no error in the trial court's order denying the requested relief without a hearing.

The Act in effect on the date that petitioner filed his petition provides that a writ of

habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *King v. State*, 2013 Ark. 133 (per curiam); *Foster v. State*, 2013 Ark. 61 (per curiam); *Garner v. State*, 2012 Ark. 271 (per curiam) (citing *Strong v. State*, 2010 Ark. 181, 372 S.W.3d 758 (per curiam)). Before a trial court can order testing under this statute, however, there are a number of predicate requirements that must be met. *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Douthitt v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam); *see* Ark. Code Ann. §§ 16-112-201 to -203.

One of these predicate requirements is that the petition must be filed in a timely fashion. Ark. Code Ann. § 16-112-202(10). In 2005, the statute was amended to include a rebuttable presumption against timeliness for any petition filed more than thirty-six months after the entry of the judgment of conviction. Ark. Code Ann. § 16-112-202(10)(B). This presumption against timeliness may be rebutted by showing (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) for other good cause. Ark. Code Ann. § 16-112-202(10)(B)(i)–(v).

In the instant case, appellant filed his petition in the trial court sixteen years after the judgment-and-commitment order had been entered of record and approximately seven years after section 16-112-202 had been amended to include the 36-month time limitation. In neither his petition nor the motion for reconsideration filed after the petition was denied did appellant

make any attempt to rebut the presumption against timeliness. Accordingly, he did not establish good cause for the lengthy delay. As to appellant's assertion in his brief concerning ineffective assistance of counsel as a cause for his failure to file a timely petition, the argument was not raised in appellant's petition or in the motion for reconsideration, and we will not consider issues on which the trial court has not had the opportunity to rule which are raised for the first time on appeal. *Biggs*, 2014 Ark. 114; *Thomas v. State*, 370 Ark. 70, 257 S.W.3d 92 (2007).

Affirmed.

*Vincent J. Hussey*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.