Cite as 2021 Ark. 45

# SUPREME COURT OF ARKANSAS

No. CR-20-514

| | | |
|---|---|---|
| VINCENT HUSSEY | | Opinion Delivered: March 4, 2021 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE DREW |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 22CR-96-34] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE SAM POPE, JUDGE |
| | | |
| | | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Vincent Hussey appeals from the circuit court's dismissal of his pro se petition for writ of habeas corpus filed pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016). In the petition, Hussey sought scientific testing of evidence from his 1996 criminal case. Because Hussey has not rebutted the presumption against timeliness or demonstrated that scientific testing would significantly advance his claim of innocence, we affirm the circuit court's order.

## I. *Background*

In 1996, a Drew County jury convicted Hussey and his codefendant, Derrick Harris, of capital murder for the shooting death of Jimmy Gathings during the course of a robbery, and both defendants were sentenced to life imprisonment. We affirmed Hussey's conviction

and sentence in a separate opinion. *Hussey v. State*, 332 Ark. 552, 966 S.W.2d 261 (1998).[1] The evidence adduced at trial included the testimony of witnesses Albert Lambert and Jerry Majors that they heard shots and saw two men running from Gathings's office with pistols in their hands. *Id.* Both Majors and Lambert identified Hussey as one of the two men they saw running from the scene of the crime. *Id.* In addition, Majors described the second man who fled from Gathings's building as wearing clothing that was the same clothing Hussey wore on the day of Gathings's murder. *Id.* Scott Sherrill, a serologist, testified that the red shirt Hussey wore on that day had blood stains matching Gathings's blood type. *Id.* Finally, Hussey gave officers conflicting statements with respect to the circumstances surrounding Gathings's murder by first denying involvement in the murder and then conceding that he went to Gathings's office but that the trigger was pulled by someone else. *Id.* In a third statement, Hussey related that Harris and a man named Stanford offered Hussey and two friends $500 to serve as lookouts while Harris robbed Gathings's store. At trial, Hussey claimed he stood somewhere outside Gathings's building, but in an earlier statement, he said that he was stationed inside, where he saw Gathings reach for Harris's gun, and Harris reacted by shooting Gathings. *Id.* This court rejected Hussey's claim that the statements he provided to investigators were coerced. *Id.*

In 2012, sixteen years after the judgment had been entered, Hussey filed in the circuit court a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001 as amended

---

[1]The conviction and sentence of Hussey's codefendant, Harris, were affirmed in *Harris v. State*, 331 Ark. 353, 961 S.W.2d 737 (1998).

by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-11-201 to -208 (Repl. 2006). In the petition, Hussey asserted that he was actually innocent of the murder and sought DNA testing of blood on a red shirt. The circuit court denied the petition, and we affirmed on appeal. *Hussey v. State*, 2014 Ark. 322, 439 S.W.3d 44. In affirming the denial of the petition, we found that Hussey had failed to rebut the presumption against timeliness.

In 2016, the circuit court granted Hussey's petition for mandamus and ordered the crime lab to turn over its reports pertaining to testing performed in connection with the murder investigation of Gathings as well as a copy of Gathings's autopsy report. After receipt of the crime-lab reports, Hussey filed multiple motions requesting that a sample of his blood be submitted for testing because such testing was not performed prior to Hussey's criminal trial. The circuit court denied the motion, and Hussey failed to perfect an appeal from the circuit court's order denying his motion for blood samples.

In 2020, Hussey filed a pro se "Amended Motion to File Second or Successive Petition for 'Good Cause' Pursuant to A.C.A. 16-112-205(d)." Attached to Hussey's amended motion was a petition for scientific testing pursuant to sections 16-112-201 through 16-112-208 in which Hussey requested DNA testing of a gun handle, a license plate, and a watch. The circuit court denied Hussey's petition as successive and concluded that his second petition was precluded by law of the case on the basis of this court's previous opinion denying habeas relief because Hussey failed to rebut the presumption against timeliness. *Hussey*, 2014 Ark. 322, 439 S.W.3d 44.

II. *Standard of Review*

3

We do not reverse the denial of a petition under Act 1780 unless the circuit court's findings are clearly erroneous. *McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*

III. *Act 1780 of 2001*

Act 1780 of 2001, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. *Pankau v. State*, 2013 Ark. 162. DNA testing of evidence is authorized under this statute if testing or retesting can provide materially relevant evidence that will significantly advance the defendant's claim of innocence in light of all the evidence presented to the jury. *Johnson v. State*, 2019 Ark. 391, 591 S.W.3d 265. Furthermore, it must be shown that the proposed testing of the specific evidence would raise a reasonable probability that the petitioner did not commit the offense. *Pankau*, 2013 Ark. 162; *see* Ark. Code Ann. § 16-112-202(8). Finally, there are a number of other predicate requirements that must be met before a court can order testing under the Act. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. One of these predicate requirements applies to those petitioners who file a motion for testing more than thirty-six months after the entry of the judgment of conviction. Ark. Code Ann. § 16-112-202(10)(B).

Under section 16-112-202(10)(B), a petitioner who files a petition more than thirty-six months after the entry of judgment is required to rebut a presumption against timeliness

by showing the following: (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) other good cause. *Hussey*, 2014 Ark. 322, 439 S.W.3d 44.

IV. *Claims for Relief*

Hussey filed his first petition for habeas relief under the Act in 2012—more than sixteen years after the judgment had been entered and more than ten years after Act 1780 was first enacted. *Id.* Hussey's second petition asked that additional evidence be subjected to DNA testing. This petition was filed more than twenty years after his conviction, and a rebuttable presumption arose that the petition was untimely. Hussey argues that he has rebutted the timeliness presumption because the crime lab did not take a blood sample from him at the time of his criminal trial and that new methods of testing "touch" DNA, such as STR and Y-STR testing, are available that were not available when Hussey was arrested and convicted.

Hussey's petition and arguments on appeal contain nothing more than his own assertion of innocence, and there was no showing that newly discovered evidence, manifest injustice, or good cause prevented Hussey from filing his petition within the thirty-six-month time limitation. With respect to his allegation pertaining to the new testing methods—STR

5

and Y-STR DNA—Hussey relies on *Carter v. State*, 2015 Ark. 57, 536 S.W.3d 123, in which this court granted relief and permitted scientific testing in a 1987 conviction, before DNA testing became widely available. In *Carter*, this court noted that STR DNA testing became available in 1996, and Y-STR testing became available in 2007. But Hussey fails to demonstrate how the Y-STR testing would have been substantially more probative than the STR method of DNA testing that was available when Hussey was convicted in 1996.

In any event, Hussey's allegations of the availability of new technology have failed to establish that additional testing would significantly advance his claim of innocence. Hussey's conviction was based on eyewitness testimony as well as Hussey's own admissions that he was present at the time of the robbery and murder and acted as an accomplice to those crimes. Touch DNA testing of the pistol used by Hussey's codefendant and other evidence found at the crime scene would not give rise to a reasonable probability that Hussey was wholly innocent and was not present at the scene of the crime and did not act as an accomplice to the crimes.

## V. *Evidentiary Hearing*

Hussey contends on appeal that he was entitled to an evidentiary hearing under section 16-112-205(a), and the circuit court erred when it denied his petition without conducting a hearing. Subsection (a) states in pertinent part that the court must conduct an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief[.]" Ark. Code Ann. § 16-112-205(a). Because Hussey has failed to present evidence that would place his conviction or guilt

6

into question, an evidentiary hearing was not required. *Carter v. State*, 2020 Ark. 219, 600 S.W.3d 612.

The circuit court found that Hussey's second petition was precluded by the law of the case as set forth by this court in *Hussey*, 2014 Ark. 322, 439 S.W.3d 44. Although we do not apply the law-of-the-case doctrine in denying Hussey relief, this court has repeatedly stated that it will affirm the circuit court's order when it has reached the right decision, even if for the wrong reasons. *See Moya v. State*, 335 Ark. 193, 981 S.W.2d 521 (1998).

Affirmed.

*Vincent Hussey*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.